## SANTIAGO TIJERINA v. THE STATE.

### No. 2572. Decided May 27, 1903.

**1.—Continuance.**

It is error to overrule an application for continuance where the diligence to secure the absent witnesses is sufficient and the facts proposed to be proved by them are material.

**2.—Evidence of Another Crime—Withdrawal of—Practice.**

On a trial for theft of horses, the State introduced theft of another horse, with the theft of which it was known that the State could not convict defendant. Held, the error was not cured by withdrawing and striking out said testimony.

**3.—Questions to Witness—Another Crime.**

Questions to a witness as to another crime which was not pertinent or relevant to the case on trial, should not be permitted where the purpose is merely to create prejudice against defendant.

**4.—Alibi—Charge.**

Where the evidence raised the issue of an alibi, a charge on that subject should have been given.

Appeal from the District Court of Webb. Tried below before Hon. A. L. McLane.

Appeal from a conviction of theft of horses; penalty, three years imprisonment in the penitentiary.

Appellant was indicted for the theft of three horses from Jesus Perez, on the 15th day of January, 1903.

No statement is necessary to illustrate the points decided.

*A. C. Hamilton,* for appellant, filed an able and elaborate brief and argument.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of horses, and his punishment assessed at confinement in the penitentiary for a term of three years.

Appellant made a motion for continuance, on account of the absence of certain witnesses. We have examined the motion and, in our opinion, the diligence used was sufficient and the facts proposed to be proved are material, and the court should have granted the continuance.

The State introduced evidence regarding the theft of another horse. Upon objection by defendant, it was proposed by the district attorney to connect the same. But this was not done. The evidence was afterward stricken out. The bill shows that in the trial of another case the district attorney, as well as the court, became familiar with the facts connected with said horse, and knew that the State would not be able to connect appellant with theft of this other horse. As presented, we think this testimony should not have been admitted and, under the circumstances, the error was not entirely cured by withdrawing said testimony.

Nor do we think it was proper for the district attorney to ask the witness in regard to a certain mule claimed to have been stolen, as the testimony in regard thereto, even if appellant was connected with the mule, was not pertinent or relevant to this case. Questions should not be permitted in any case where the purpose is merely to create prejudice against appellant.

The court should have given the charge on alibi. This issue was raised by the testimony of two witnesses, and it did not matter that the State introduced a witness who testified appellant was in Atascosa County at or about the time the said horses were alleged to have been stolen. The issue of alibi was a question for the jury to decide and, inasmuch as the evidence raised the issue, the charge on that subject should have been given. Arismendis v. State, 41 Texas Crim. Rep., 374; Rountree v. State, 55 S. W. Rep., 827.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*