### J. W. Allen v. The State.

No. 2767. Decided October 14, 1903.

**Bill of Exceptions.**
  Appellant filed his motion for new trial the next day after his conviction and a day before the court adjourned, and therein assigned error that the court failed to charge the jury on the question of an alibi, as shown in defendant's bill of exceptions; the exceptions were not filed during the term and no order for filing thereafter appears, the judge certifying that the exceptions were not presented until after the verdict was returned, the affidavit of defendant's counsel showing that the bill of exceptions were presented to the judge during the term; that the judge, without consent of appellant, kept them until after adjournment and some time after filed them. Held, that the court can look · to the refused bills of exceptions in order to determine the character of appellant's objections to the court's charge as presented in his motion for new trial.

Appeal from the District Court of Baylor. Tried below before Hon. J. M. Morgan.

Appeal from a conviction of burglary; penalty two years imprisonment in the penetentiary.

The case is sufficiently stated in the opinion.

D. A. Holman, for appellant.

Howard Martin, Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years.

The only assignment that need be considered is that which relates to

a charge on alibi. An examination of the statement of facts discloses there was proof of alibi, and an examination of the charge of the court shows that the court failed to charge on alibi. The question to be considered is, was this matter sufficiently presented by bill of exceptions or motion for new trial in order to be revised by this court. The caption shows that the court adjourned on July 4, 1903. The trial took place on July 2d. No bill of exceptions was filed during the term presenting this question, and the record presents no order, either from the minutes or judge's docket, showing that twenty days were allowed in which to prepare and file bills of exception. The motion for new trial was filed and disposed of on July 3, 1903. We find in the motion for new trial that appellant assigns as error "that the court failed to charge the jury as shown in defendant's bill of exceptions 1 and 2." There is in the record an affidavit of counsel for appellant showing that he prepared and presented to the court bills of exceptions numbers 1 and 2, which raise the question of the failure of the court to charge on alibi, to the judge during the term; that the judge, without the consent of appellant, took said bills of exception and kept them until after court adjourned, and then carried them with him to Knox County, and subsequently, some time after the adjournment of the court, returned them to the clerk, and they were filed by him on July 21st. The court certifies that he refused said bills of exceptions numbers 1 and 2, because "exception was not made and the attention of the court was not called to the objection until after the jury had returned their verdict." The question presented is, does this procedure sufficiently raise the question as to the failure of the judge to give a charge on alibi. We hold that it does. Unquestionably when appellant filed his motion for new trial he referred to his two bills of exceptions numbers 1 and 2, which set up the error of the court in failing to charge on alibi. These bills were in the hands of the judge at the time, and appellant evidently believed and had a right to believe that they would be filed during the term in some shape, either with corrections or explanations by the judge. The statement of the judge that he refused them, giving his reasons that appellant did not call his attention to the failure of the court to charge on alibi, until after the jury had returned their verdict, was really tantamount to an explanation by the judge that, in his opinion, the exception came too late. If it be conceded that the exceptions did come too late, still the motion for new trial was presented in time and referred to said bills, which called the court's attention to the failure of the court to charge the law, but which, in the opinion of the court, came too late for that purpose. We hold that we can look to the refused bills in order to determine the character of appellant's objections to the court's charge, as presented in his motion for new trial. It is accordingly the opinion of the court that the exception in the motion for new trial to the court's charge, thus explained, sufficiently raises the question of failure on the part of the court to charge on the question of alibi; and for this failure the judgment

is reversed and the cause remanded. Padron v. State, 41 Texas Crim.
Rep., 548; Tijerina v. State, 74 S. W. Rep., 913.

*Reversed and remanded.*