## DAN BRUCE v. THE STATE.

No. 1557. Decided March 8, 1898.

### 1. Confession—Inducement by Officer—Charge of Court.

On a trial for a violation of local option, where it appeared that after defendant got out of jail he met the county attorney, and, in their conversation about several pending cases against the defendant, the county attorney told defendant that he, if he would plead guilty, would be lenient with him; and the court charged the jury, upon request of defendant, to disregard the confession if they found that the same was made with the hope then and there that the county attorney would be lenient to him, and would dismiss some of the cases against him. Held, all that defendant was entitled to. The persuasion or inducement was not of a character to vitiate the confession as testimony.

### 2. Defendant as a Witness—Cross-Examination.

A defendant who becomes a witness in his own behalf may be required to state whether or not he is under indictment for perjury.

### 3. Local Option—Former Jeopardy—Evidence—Harmless Error.

On a trial for violation of local option, where the State showed three distinct sales, and defendant pleaded former jeopardy, in cause No. 2430, while it was error to permit the jurors in the former case to testify that they had not, on said former case, convicted the defendant of the charge in the pending case, since they could not recollect the exact day of the sale upon which the former conviction was had, and that the prosecutor delivered the same testimony with reference to the three distinct sales on the former trial, still the testimony was harmless because there was no proof in the record that defendant had been convicted of the particular sale involved in the pending case.

### 4. Same—Sale to One for the Use of Another—Allegation and Proof.

Where the indictment charged the sale of the liquor to one B., and the proof shows that B. bought the liquor for one J., and the money was paid by B. and the liquor delivered to B., Held, the sale, in contemplation of law, was to B.; and the law does not concern itself about his agency, although he purchased it for the use of J. There was no variance between the allegation and proof.

### 5. Same—Meaning of "Sale."

The term "sale," as used in the local option statute, is not to be construed according to its strict contractual sense; it means the actual sale to the person buying at the counter, whether he purchased for himself or as agent for another.

HURT, P. J., dissenting.

APPEAL from the County Court of Parker. Tried below before Hon. I. N. ROACH, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The case is sufficiently stated in the opinion.

*Martin & Flanary,* for appellant. [No briefs with the record.—Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail; hence this appeal.

On the trial, R. B. Hood, county attorney, testified that the appellant confessed to him that he had sold whisky, as charged against him, to the witness Brock. It does not appear that at the time appellant was in jail. It is stated, however, that he had previously been in jail, and had some talk with the county attorney about indictments against him for violating the local option law; that something was said about settling the cases, and the county attorney suggested that, when he got out of jail, to come around and see him, and he would treat with him with reference to the cases. After he got out of jail, he met the county attorney, and he then made the statement complained of to him. In this connection it is claimed that certain inducements were held out to him by the county attorney,—that is, he would be lenient with him, if he would plead guilty; that he was thereby induced to confess. We do not believe the bill shows that character of persuasion or inducement that would vitiate the admitted testimony. However, the court gave appellant's requested charge on this subject, which instructed the jury to disregard said confession if they found that the same was made to the county attorney with the hope then and there on the part of the appellant that the county attorney would be lenient to him, and would dismiss some of the cases against him. This, it occurs to us, was all that appellant could ask or was reasonably entitled to.

Appellant took the stand on his own behalf, and on cross-examination the State was permitted to prove by him that he was then under indictment for perjury in the Federal court at Dallas. Appellant objected to this testimony; among other things, on the ground that it was not shown that defendant had ever been convicted of said offense, and because the fact that he was so charged was calculated to prejudice the jury against defendant. This question has been settled in this State against the contention of appellant. See Carroll v. State, 32 Texas Crim. Rep., 431; Brittain v. State, 36 Texas Crim. Rep., 406.

During the trial of the case the State was permitted to prove by the witnesses James Hurst and E. E. Taylor that they were jurors in cause

No. 2430 against defendant, and that they did not convict the defendant of the offense charged in this indictment, but that they did convict him of the charge in the indictment in said cause No. 2430; but they could not say on what exact day the defendant did sell the liquor in cause No. 2430. It will be remarked, in this connection, that said witnesses were used by the State to rebut appellant's testimony on former jeopardy, which was based on a conviction in cause No. 2430. While the testimony delivered by these witnesses was not competent, as it was not proof of any fact, but merely their opinion as to a matter about which they had convicted appellant in cause No. 2430, yet, under the peculiar circumstances of this case, we fail to see how said testimony could have operated to the prejudice of the appellant. The proof on the part of the State showed three distinct sales of whisky by appellant to the prosecutor, George Brock, to wit, one sale on the 20th of January, one on the 1st of February, and one on the 10th of February; and the witnesses testified that the prosecutor delivered the same testimony with reference to the three distinct sales before the jury trying the former case. Now, if appellant had required the court to confine the prosecution to some particular day on the former trial, he would have been in better shape to have availed himself of his plea of former jeopardy. If this had been done, and the State forced to elect upon which sale it would prosecute, and the sale on the 20th of January had been selected, still appellant could have been prosecuted for the other sales, each sale being a separate and distinct offense. If the prosecution had been so confined, then appellant could have asked the court to instruct the jury, if this prosecution was for that particular transaction, to find the plea true, and, if no other sales were proved, to acquit him altogether. This course, however, was not pursued; and, inasmuch as the burden was upon appellant to establish his plea of former conviction, he was still liable to be convicted for either of said sales, if the jury believed that more than one sale had been made. Under the state of case contained in the record, while the statements of the jurors who tried the first case, to the effect that they did not convict defendant for this transaction, were clearly inadmissible, still they were harmless, because there is no proof in this record that appellant had been convicted of this particular sale. If such proof had been made, then the testimony of these jurors would have been not only inadmissible, but injurious to the appellant. We think the court sufficiently charged on appellant's plea of former jeopardy, and the requested charge was not the law on this subject.

The court's charge on alibi was also sufficient, and the requested charge was not necessary.

Appellant requested the court to instruct the jury that, if they believed that one Fred Jensen gave the prosecuting witness some money, and told him to get some whisky for him, and that said prosecutor bought the whisky for him, and informed appellant at the time that he made the purchase for Fred Jensen, then they must acquit the appellant. The in-

dictment in this case charged that appellant sold the whisky to George Brock, and the proof showed that the sale was made directly to George Brock, but for Fred Jensen, who furnished the money for that purpose; that said appellant was informed by the prosecutor that the purchase was made for Jensen. That is, we understand the contention to be that, if the sale was made to George Brock as agent for Fred Jensen, there would be a variance between the allegation in the indictment and the proof. It may be stated that, as a matter of contract, the sale was made to Jensen through the prosecutor, Brock. This, however, is not an action based on the liability of Jensen. The sale was a consummated sale. The money was paid by Brock, and the whisky delivered to him. In this sense the sale was to Brock, and, although it may have been for the use of another, the law does not concern itself about his agency. He bought and paid for the liquor. The Constitution on this subject was intended to prohibit sales in local option territory, and the statute makes criminal the sale by any one of intoxicating liquor in local option territory. It does not limit such sale to the use of the person purchasing, but it proscribes all sales, save the exceptions provided by the statute iteslf. Code of Criminal Procedure, 1895, article 25, provides that "the provision of this Code shall be liberally construed, so as to attain the objects intended by the Legislature: the prevention, suppression, and punishment of crime." Under this rule it occurs to us that the term "sale," as used in the statute, is not to be construed according to its strict contractual sense; but that the statute has reference to the actual sale to the person buying at the counter, whether he purchase for the use of some other person or as an agent. The sale is consummated by him. He is the buyer. The sale is to him, although it may be for the use of some other person, and with some other person's money. Any other construction, it seems to us, would subject the law to confusion, subterfuges, and evasions. As stated before, it is not a question of contract or obligation; it is simply a question of whether or not there is a variance between the allegations in the indictment and the proof. We hold there is no variance; that the proof shows that the sale was made to Brock, the party as alleged; and it does not matter for whom he purchased. The sale was made to him; and the allegation in the indictment is proven, although he may have purchased it for some one else. Accordingly, the court did not err in refusing to give the requested charge. See Yakel v. State, 30 Texas Crim. App., 391.

Appellant set up certain matters in his motion for a new trial charging the jury with misconduct while deliberating about the case. We have examined the same, and do not consider the matters therein set up as of a material character, and the court did not err in overruling the motion for a new trial upon that ground. We have examined the record carefully, and in our opinion the evidence sustains the verdict. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, dissents from the last proposition. If Brock tells the truth, the whisky was sold to Jensen, and not to him, as alleged.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]