BOB SMART v. THE STATE.

No. 3557.　Decided February 14, 1906.

**1.—Local Option—Evidence—Harmless Error—Declarations Between Third Parties.**

Upon a trial for the violation of the local option law charging the sale of intoxicants to D., it was harmless error to permit D. to testify that one S., a third party, asked him for beer; that S. gave D. a dollar and that D. went to the defendant and asked him if his (D.'s) beer had come, that defendant replied in the affirmative and handed D. six beer checks for which D. paid him 90 cents of the dollar given him by S., and that D. took the six beer checks to S. and gave them to him together with the ten cents change; all of which conversation between S. and D. was not in the presence or hearing of defendant and without his knowledge. The rule would have been different if S. had been used as a witness to prove up the sale, but would not apply to the transaction occurring between D. and defendant. However, if error, it was harmless.

**2.—Same—Evidence—Other Sales.**

Upon a trial for a violation of the local option law, there was no error in excluding testimony that the defendant had refused to sell beer to other parties under similar circumstances to those detailed in the case on trial.

**3.—Same—Charge Refused—Different Counts—Purchaser.**

Where the information charged the defendant in one count with selling intoxicants to S. and in another count to D., and the evidence showed that D. procured the money from S. and purchased the beer from defendant for S., the defendant not knowing S. in the transaction, and the court in his charge confined himself to the sale to D., there was no error in refusing the requested charge that if the jury entertained a reasonable doubt as to which party the sale was made, to acquit. Besides it was immaterial under the evidence that D. made the purchase for S., and not for himself.

**4.—Same—Charge of Court—Manner of Purchase.**

Upon a trial for a violation of the local option law, where the evidence showed that D. went into defendant's place of business, paid him the money handed him by S., and received in return from defendant beer checks, which D. handed to S. whereupon D. and S. called for the beer and handed defendant the said checks, the same constituted a sale to either D. or S. or both, and there was no error in the charge of the court in thus submitting the law.

Appeal from the County Court of Parker. Tried below before Hon. R. L. Stennis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Preston Martin,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and his punishment fixed at a fine of $25 and twenty days confinement in the county jail. The information contains two counts. The case was submitted under the second count charging the sale of the intoxicants to W. B. Dutton. Dutton testified that sometime last summer, about August, 1904, T. N. Sudduth, came into his (Dutton's) store, which was on the east side of the square in a building one door north of the pool room belonging to Burrell, where appellant was working. Sudduth asked if he could get some beer. Dutton told Sudduth that he would see about it. Sudduth gave him a dollar, and Dutton left his store, and went into Burrell's poolroom, and asked appellant if his beer had come. Appellant replied, yes, and handed him (Dutton) six beer checks, for which Dutton paid him 90 cents of the dollar given him by Sudduth, and requested appellant to order more beer. He took the six beer checks, and went back to his store, and gave them to Sudduth, together with the 10 cents change. The conversation between Sudduth and Dutton was not in the presence and hearing of appellant; nor did he inform appellant that he wanted the beer checks, or the beer for Sudduth, and Sudduth was not with him when he received the beer checks. Appellant objected to this testimony, because of the fact that appellant was not aware of the conversation which occurred between Dutton and Sudduth, and these matters occurred out of his presence. If Sudduth had been used as a witness to prove up the sale, and had testified to these facts, this

evidence should have been excluded; but the matters with reference to the beer and the checks occurred between Dutton and appellant, and therefore the conversations occurring between Dutton and Sudduth, in the absence of defendant, while not material or perhaps not relevant, were not of such a character as would authorize a reversal of the judgment. While they showed that Sudduth's money was paid for the beer checks, and on which the beer was obtained subsequently, still the conversation could not have affected appellant one way or the other. They were matters, it is true, that occurred between Sudduth and Dutton, and with which perhaps appellant had no concern, as it was not brought home to his knowledge, yet it was of such immaterial character that we do not believe it would justify a reversal of the judgment. If Sudduth's statement as to what occurred between himself and Dutton in the absence of appellant was relied upon to prove up the transaction between Dutton and appellant, the testimony would have been material, and being so, irrelevant and inadmissible, would have required a reversal of the judgment. But, as the transaction occurred between Dutton and appellant, this rule would not apply. So we believe the error is not of such character as to authorize a reversal.

Appellant proposed to prove by witnesses Davis, Winn and Ray that they had sought to buy beer from appellant under similar circumstances to those detailed in this case. We do not believe this testimony was admissible; because he may have refused to sell beer to those witnesses is no evidence that he did not make the sale to Dutton.

Appellant asked the court to instruct the jury, if they believed defendant sold the beer or intoxicating liquor, etc., the jury will say under which count he is guilty of making an unlawful sale, whether to Sudduth or Dutton, and if they entertain a reasonable doubt as to which party the sale was made, if any sale was made, they would acquit. This charge was refused, and we believe properly. The court confined the jury to a consideration of the count charging a sale to Dutton, and therefore the first count passed out. Further, we would say that under our decisions, it would make no difference under the facts that Dutton may have been purchasing intoxicants for Sudduth. Sudduth was not known in the transaction; and the matters occurring in regard to the transfer of the beer checks, which called for the beer, and on which the beer was subsequently obtained, were between Dutton and appellant.

Exception was reserved to the following clause in the charge: "You are further instructed that the purchase by W. B. Dutton, if any, for himself, or for one T. N. Sudduth, would as a matter of law constitute a sale to W. B. Dutton." This is in accord with the various decisions of this court on that state of case. The facts bearing upon this show that Dutton went into appellant's place of business, got the beer checks, and that he and Sudduth went in later on and drank the beer, which was called for, and handed out the beer checks. Under our

decisions this would constitute a sale to either or both. Such has been the rule since Yakel v. State, 30 Texas Crim. App., 391; Starling v. State, 34 Texas Crim. Rep., 296; Bruce v. State, 39 Texas Crim. Rep., 29; Horsky v. State, 36 S. W. Rep., 443; Vincent v. State, 55 S. W. Rep., 820.

There is no such error in the record as requires a reversal, and the judgment is accordingly affirmed.

*Affirmed.*