### JACK WHITTLESEY v. THE STATE.

No. 793.   Decided November 16, 1910.

**Local Option—Purchaser—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence did not show that the defendant knew that the State's witness was buying the whisky for the purchaser, or was acting as his agent, and no privity of contract was shown to exist between the defendant and the purchaser alleged in the indictment, the conviction could not be sustained.

Appeal from the County Court of Sabine. Tried below before the Hon. J. H. McGown.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Goodich & Lewis,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant has appealed from a conviction for violating the local option law, his punishment being assessed at a fine of $25 and twenty days in jail.

The indictment charged that the defendant did unlawfully sell to Clyde Went intoxicating liquors in the county of Sabine in violation of the local option law, local option being in force in said Sabine County at the time of said sale. Upon the trial of the case the State offered the witness Clyde Went, who testified that he lived in Sabine County; that he knew the defendant and that he saw him in the town of Brookland, in Sabine County, on the 28th day of November, 1909; that there was a public gathering there on that day; that the witness went to one Coleman Easley on that day and asked him if he could rustle up some whisky, and he said that he did not know but he would try. This witness says he gave some money to Easley and he went off somewhere and out of sight, and that in about twenty-five minutes returned and delivered to him several pint bottles of whisky. Witness does not recall how much money he let Easley have and does not recall how much whisky he got from him, but thinks it was four or five pints. The witness further testified that he did not say anything to the appellant on that day about getting him any whisky; that he just asked Easley to get him some if he could; that he did not know where Easley got the whisky and Easley did not tell him where he got it. It seems that Easley, defendant and the witness Went, all live in the same neighborhood. Witness says he did not see the defendant with any whisky on that day; that he has no idea where Coleman Easley got the whisky; that he did not know whether defendant had any whisky in Brookland that day or not. Coleman Easley testified for the State that he was well acquainted with the defendant; had known him practically all his life; lived in the same neighborhood with him; that witness was in Brookland on November 28, 1909; that there was a public gathering and dinner there that day; that he saw Clyde Went there; that Clyde Went asked him if he could get him some whisky. Witness says he told him he did not know but he would try; that Went gave him some money and that he took that money, the money that Went gave him, and some money of his own and went into Simon's store and he there saw defendant, Jack Whittlesey, and asked Jack if he could rustle up some whisky; that Jack told him he did not know whether he could get any whisky or not but would try; that witness then gave him some money which he got from Went and some money of his own and that he went on out of the store and returned in fifteen or twenty minutes, and defendant called him into the side room and told him he had the whisky for him; that defendant reached over

behind some boxes and got several bottles of whisky and gave them . to the witness and took some out of his pocket, which he also gave to the witness. Some of this whisky witness gave to the prosecuting witness. This witness says he did not tell the defendant for whom he was buying the whisky. There is no evidence in the record that the defendant knew that the witness Easley was buying the whisky for Went or was acting as the agent for Went. No privity of contract is shown to exist between the defendant and Went, the party to whom the whisky is alleged to have been sold. We are, therefore, of opinion that the evidence does not support the verdict and the court erred in not granting a new trial, and for this reason the judgment is reversed and the cause is remanded.

*Reversed and remanded.*