# JUNE, 1911.

### KID MILES v. THE STATE.

#### No. 1246. Decided June 7, 1911.

**Local Option—Variance—Purchaser.**

Where, upon trial for a violation of the local option law, the information alleged that the liquor was sold to H and the evidence showed that the sale was made to A, the variance was fatal, although it was shown that A bought for H. Following Bruce v. State, 39 Texas Crim. Rep., 26, and other cases.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and twenty days confinement in the county jail.

The opinion states the case.

*S. M. King,* for appellant.—On question of variance: Arnold v. State, 47 Texas Crim. Rep., 556, and cases cited in the opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under complaint and information for selling intoxicating liquors to N. P. Holt, the allegation being that prohibition was in force in Nacogdoches County.

N. P. Holt testified he gave the money to Will Adams, and went with Adams to the home of appellant, and Adams purchased a quart of alcohol from appellant. That they all took a drink when Adams handed him the bottle and gave him the change. Will Adams testified that Holt asked him if he knew where they could get some whisky; that he (Holt) would pay for it. That he told him he thought he could get some, and they went towards appellant's house. Just before getting to the house Holt gave him the money, and they went in the house of appellant, and he purchased a bottle of alcohol from appellant. That after they had all taken a drink he handed the bottle to Holt and gave him the change.

In the case of Bruce v. State, 39 Texas Crim. Rep., 26, this court held: "Appellant requested the court to instruct the jury that if they believed that one Fred Jensen gave the prosecuting witness some money and told him to get some whisky for him, and that said prosecutor bought the whisky for him, and informed appellant at the time that he made the purchase for Fred Jensen, then they must acquit the appellant. The indictment in this case charged that appellant sold the whisky to George Brock, and the proof showed that the sale

was made directly to George Brock, but for Fred Jensen, who furnished the money for that purpose; that said appellant was informed by the prosecutor that the purchase was made for Jensen; that is, we understand the contention to be that if the sale was made to George Brock as agent for Fred Jensen, there would be a variance between the allegation in the indictment and the proof. It may be stated that as a matter of contract the sale was made to Jensen through the prosecutor, Brock. This, however, is not an action based on the liability of Jensen. The sale was a consummated sale. The money was paid by Brock, and the whisky delivered to him. In this sense the sale was to Brock, and, although it may have been for the use of another, the law does not concern itself about his agency. He bought and paid for the liquor. The Constitution on this subject was intended to prohibit sales in local option territory, and the statute makes criminal the sale by anyone of intoxicating liquor in local option territory. It does not limit such sale to the use of the person purchasing, but it proscribes all sales, save the exceptions provided by the statute itself. Code of Criminal Procedure, 1895, article 25, provides that 'the provision of this Code shall be liberally construed, so as to attain the objects intended by the Legislature: the prevention, suppression and punishment of crime.' Under this rule it occurs to us that the term 'sale,' as used in the statute, is not to be construed according to its strict contractual sense; but that the statute has reference to the actual sale to the person buying at the counter, whether he purchase for the use of some other person or as an agent. The sale is consummated by him. He is the buyer. The sale is to him, although it may be for the use of some other person, and with some other person's money. Any other construction, it seems to us, would subject the law to confusion, subterfuges and evasions. As stated before, it is not a question of contract or obligation; it is simply a question of whether or not there is a variance between the allegation in the indictment and the proof. We hold there is no variance; that the proof shows that the sale was made to Brock, the party alleged; and it does not matter for whom he purchased. The sale was made to him; and the allegation in the indictment is proven, although he may have purchased it for someone else. Accordingly, the court did not err in refusing to give the requested charge. See Yakel v. State, 30 Texas Crim. App., 391."

If this was an original proposition, the writer would be inclined to hold that when the person purchasing disclosed for whom he was buying, the indictment alleging a sale to Holt would be supported by a sale to Adams for Holt, but in obedience to the holdings of this court that the indictment must allege the sale to the person who paid the money and to whom the liquor was delivered, this case is reversed and remanded. See also Yakel v. State, 30 Texas Crim. App., 391; McLeod v. State, 44 S. W. Rep., 1090; Whittlesey v. State, 60 Texas Crim. Rep., 291, 131 S. W. Rep., 1093; Bruce v. State, 53 S. W.

Rep., 867; Smart v. State, 49 Texas Crim. Rep., 373, 92 S. W. Rep., 810; Oxford v. State, 97 S. W. Rep., 484, and authorities cited in these cases.

Owing to the disposition of the case it is unnecessary to pass on the other questions raised.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*