JIM KENNARD v. THE STATE.

No. 1369. Decided November 22, 1911.

**Local Option—Variance—Name of Purchaser.**

Where the indictment alleged the sale to have been made to "T," and the proof showed that it was made to "S," the conviction could not be sustained. Following Smart v. State, 49 Texas Crim. Rep., 373, and other cases.

Appeal from the County Court of Houston. Tried below before the Hon. E. Winfree.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Moore & Sallas,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The record discloses that local option was in effect in Houston County. Appellant was charged with and convicted of violating that law.

The evidence discloses beyond any controversy that appellant had had whisky shipped to himself at Kennard, Texas. He gave Johnson an order for the whisky. Johnson received it, carried it and delivered it to appellant. Appellant let Johnson and Jones, who accompanied Johnson, have a bottle of the whisky. There were twelve bottles in the consignment. Subsequently, Stell was approached by Taylor, who asked him if he could get him some whisky. He told Taylor he would see about it, went to appellant and inquired if he could let him have the whisky for Taylor, and gave him the dollar that had been given him by Taylor for the purpose of paying for the whisky. This money appellant accepted, and handed the keys of his house to Stell, who immediately got the whisky and delivered it to Taylor. Stell testified that at the time he got the whisky and made the purchase and handed appellant the money, he notified appellant for whom he was getting the whisky, and that appellant told him it

was all right.  Under these circumstances Stell got the whisky and carried it to Taylor.  Under the decisions of this court this does not constitute a sale to Taylor, the alleged purchaser.  Under the decisions this would be a sale to Stell.  Bruce v. State, 39 Texas Crim. Rep., 26; Smart v. State, 49 Texas Crim. Rep., 373; Vincent v. State, 55 S. W. Rep., 819; McLeod v. State, 17 Texas Crim. App., 487, 44 S. W. Rep., 1090; Miles v. State, 62 Texas Crim. Rep., 530, 138 S. W. Rep., 398; Oxford v. State, 49 Texas Crim. Rep., 321, 97 S. W. Rep., 484; Whittlesey v. State, 60 Texas Crim. Rep., 291, 131 S. W. Rep., 1093.  There are other cases cited in the above mentioned cases.

Under this view of the case it will be unnecessary to decide the other questions suggested.  The facts being insufficient, under the above cases, to sustain this conviction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*