### Clive E. Lynne alias J. C. Wilson v. The State.

#### No. 3707. Decided April 29, 1908.

**1.—Burglary—Evidence—Stolen Property.**

Where upon trial for burglary the case was one of circumstantial evidence, there was no error in admitting testimony with reference to property found in defendant's possession, part of which was taken from the burglarized store.

**2.—Same—Charge of Court.**

Where upon trial for burglary the evidence tended to show that the defendant entered the house and was found in possession of some of the property taken therefrom, there was no error in refusing special charges that the jury should not consider the taking of these articles.

Appeal from the District Court of Travis. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*O. Dickens,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for burglary, the punishment assessed being four years confinement in the penitentiary.

Briefly stated, the evidence shows that the store of Blackwell was burglarized, a safe blown open, and $109 in money taken, and perhaps in addition, some small change; among other things, four $5 bills, two $10 bills and $69 in silver besides the small change. In addition, a pair of shoes, a can of tomatoes and a shirt were taken. This occurred on the night of May 26, 1907. Appellant was arrested shortly after the alleged burglary, and was in possession of some articles, especially a pair of shoes and a shirt, similar to those taken from the store, which were sufficiently identified. For a more particular statement of the facts, see the companion case against appellant this day decided, in which the jury convicted him for the theft of the articles taken from the burglarized house.

There were some bills of exception reserved to the admission of evidence with reference to the fact that appellant had a satchel in which some articles were found; that at a certain camp from the direction appellant was seen coming there were found an empty tomato can, and an old shirt, and some other things. A bill of exception was also reserved to the introduction of some keys found in appellant's possession, that is, in the satchel. These bills are very vague and indefinite and do not sufficiently show the force of or reasons why this testimony

should have been rejected, but be that as it may, we are of opinion the evidence was properly admitted. The case was one of circumstantial evidence, and most of this testimony had more or less bearing upon the case in connecting appellant with the alleged burglary. The pair of shoes and shirt found in his possession were shown to have been part of the goods taken from the burglarized store; two or more of the keys found in his satchel were shown to fit one of the doors of the burglarized house. We think this testimony was properly admitted. Even if some of it had no special bearing on or connection with the case, and the articles were not found in possession of appellant, but at a camp from which he was supposed to have come, which did tend to connect him with it, its admission was not sufficiently erroneous to require a reversal of the judgment.

Appellant asked special charges to the effect that the jury could not consider against appellant evidence in regard to the keys introduced in evidence, and that admitted in regard to the satchel, and the comb, brush and things contained in the satchel, inasmuch as the jury were not trying him for taking said satchel, and there being no proof of that fact, they should disregard all of said testimony; and the third special charge was to the effect that the jury were not trying the defendant for taking the shoes or shirt or money, therefore, they could not convict him for taking those articles. These charges were correctly refused. While the jury were trying appellant for the burglary, yet the indictment alleged the burglary to have been committed with intent to commit the crime of theft. No one had seen appellant enter the house. It, therefore, became necessary to connect defendant with that burglary by the best obtainable evidence. This evidence tended to show that appellant did enter the house. Evidence of the fact that he was found in possession of a pair of shoes and a shirt that were taken from the burglarized house was competent to illustrate this question. The means of connecting appellant with this burglary was the possession of this property. Therefore, the court was not in error in refusing to charge the jury not to consider these matters. They were facts which sufficiently connected appellant with the burglary. The court would have been in error to charge the jury to disregard these facts, because they were salient facts tending to prove the burglary. Possession of property recently after a burglary, which is shown to have been taken from the burglarized house, is cogent evidence to be considered in connection with the burglary. Possession of property recently stolen, which is shown to have been taken from the burglarized house, has been held sufficient to connect the defendant with the burglary, if the further fact is shown that the house was broken and entered.

This record, as presented, in our judgment, shows no sufficient error to require a reversal of the judgment, and it is, therefore, affirmed.

*Affirmed.*

Brooks, Judge, absent.