### WILLIE ELLIOTT v. THE STATE.

#### No. 5021.   Decided May 8, 1918.

1.—Burglary—Evidence—Confession.

Where defendant objected to the introduction of his written confession while under arrest, upon the ground that he could not write, but made his mark to the confession, and that the peace officer was not a competent witness, but it appeared from the record that another competent witness signed the same, there was no error; besides, the confession led to the discovery of the fruits of the crime.

2.—Same—Evidence—Opinion of Witness—Harmless Error.

Where defendant objected with reference to testimony showing the condition of the door of the house alleged to have been burglarized on the ground that it was an opinion of the witness, but the records showed otherwise, and that in case of error it was harmless, there was no reversible error.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. E. Dawson* and *E. L. Routh,* for appellant.—On question of opinion testimony: Barnard v. State, 73 S. W. Rep., 957; Brown v. State, 169 S. W. Rep., 897; 1 Branch's Ann. P. C., 75.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary and allotted two years in the penitentiary.

The State's evidence is to the effect that the owner of the burglarized house went away and that appellant went into it and took therefrom a pistol. The State's theory is that appellant went to the back door, removed a panel or board so he could and did remove the latch, and thus entered the house. There is evidence that the door was in the condition indicated. Appellant's statement was that he did go to the house; that the door was partly open; that he might have "edged" through it but did push the door back far enough to make his entrance; that he searched for a pistol, which he wanted to carry with him to the Trinity river bottom, and found the pistol and took it away. The owner of the house shows there had been other things·disturbed in the house; his pants pockets had·been turned inside out, and things misplaced generally.

Appellant made a written confession while under arrest which seems to be in conformity with the statute. The introduction of the confession was resisted on the ground that it was witnessed by a peace officer. It shows that the confession was taken by the assistant county attorney, Mr. Fears, who signed it as a witness, and that a peace officer did also sign it. The objection is based upon the ground that appellant could not write but made his mark to the confession and the peace officer was not a competent witness. It is not contended, however, that the assistant county attorney was incompetent to sign it as a witness. If the peace officer alone had signed it as a witness it would have been inadmissible under the statute, but Mr. Fears having signed it also we are of opinion that where a competent witness signs and an incompetent witness signs, that the confession is not rendered inadmissible by reason of the fact an incompetent witness also signed it. Had the deputy sheriff or peace officer alone signed it, the admission of the confession would have been erroneous. It seems from the confession and the evidence that by reason of this confession the pistol was found. When the confession was made the officer took the defendant with him to where he said the pistol was and defendant got the pistol at the point designated. Wherever the fruits of a crime may alone have been discovered by reason of the confession, the confession would be admissible whether it was in writing or not, or whether signed or not.

There is another bill of exceptions reserved to the admission of the testimony of Mr. Fears, assistant county attorney, to the effect that when he went to the house he found a panel of the door broken out or removed, and that a party could reach through this space and remove the latch on the inside so as to·open the door. The basis of the objection was that this was an opinion, and that he should have stated the facts and let the jury reach the conclusion or form their opinion. We do not regard this as a serious matter, and especially as qualified by the trial judge. If such was the condition of the physical facts we are of opinion Mr. Fears could so state, and the court in his qualification informed counsel at the time of the objection that if such was the case Mr. Fears'

testimony was admissible. There was nothing further urged and that closed the incident as shown by the judge's qualification to the bill. In any event we are of opinion there is no such error in this as requires the court to reverse the judgment if there should even be error.

The judgment will be affirmed.

*Affirmed.*