## AARON EDWARDS v. THE STATE.

### No. 6597. Decided February 1, 1922.

### Rehearing Denied March 1, 1922.

**1.—Burglary—Evidence—Value.**

Upon trial of burglary, it is not necessary to show the value of the property taken from the alleged burglarized premises. Following Lynne v. State, 53 Texas Crim. Rep., 386, and other cases. Stealing whisky from burglarized premises is burglary.

**2.—Same—Evidence—General Reputation.**

It is the general reputation in the community of residence and not merely reputation, and where the question was in the latter form, the objection thereto was correctly sustained.

**3.—Same—Charge of Court—Objections to Charge—Domestic Servants.**

Pretermitting a discussion of the facts relevant to a burglary by a domestic servant, the entry into the house in question having been shown to

have been effected by actual breaking, there was no reversible error in the court's failure to charge as to domestic servants.

### 4.—Same—Argument of Counsel—Requested Charge.

The bill of exceptions showing that the argument of State's counsel was in reply to the argument of appellant's counsel, there was no error, in the absence of a requested charge.

### 5.—Same—Practice on Appeal—Bill of Exceptions.

Complaints made in a motion for new trial as to the charge of the court and as to evidence admitted or rejected cannot be considered in the absence of a proper bill of exceptions.

### 6.—Same—Rehearing—Value of Property—Whisky.

Where it appeared on trial for burglary that the party injured was in lawful possession of the whisky alleged to have been stolen, there was no error in refusing a requested charge with reference to the value of the alleged stolen property.

### 7.—Same—Ownership—Occupation of House.

Where the indictment alleged that the burglarized premises were occupied by the husband, and it was shown on the trial that he was temporarily absent thereon in a sanitarium, and that his wife remained at the home, visiting and staying with him at the sanitarium as often as she could, there was no variance in the allegation of occupation. Following Peoples v. State, 90 Texas Crim. Rep., 236.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James E. Yeager,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of McLennan County of the offense of burglary, and his punishment fixed at two years·in the penitentiary.

Appellant has four bills of exception in the record, which will be noticed. His first bill of exceptions is to the refusal of the court to give a special charge instructing the jury that in order for one to be convicted of theft, the property taken must have had some market value, etc. Said charge was correctly refused. Appellant was not on trial for theft, and on the trial of one accused of burglary it is not necessary to show the value of the property taken from the alleged burglarized premises. Hays v. State, 36 Texas Crim. Rep. 146; Mosley v. State, 43 Texas Crim. Rep. 559; Johnson v. State, 48 Texas Crim. Rep. 339; Lynne v. State, 53 Texas Crim. Rep. 386.

One seeking to show the good character of his client by proof of reputation, must ask as to the general reputation in the community of residence, and a qusetion directed merely to reputation, and omitting the general character thereof, would be objectionable. Branch's Ann. P. C., p. 115 and collated authorities.

An exception to the charge of the court stated as follows: "Defendant excepts to the charge of the court as to domestic servant in that it fails to charge that the employment must be for outside work exclusively," is too general to call for review. Vernon's P. C., Sec. 57, p. 521. No special charge presenting what appellant considered a correct definition of the term "domestic servant," was presented. Pretermitting a discussion at length of the facts relevant to a burglary by a domestic servant, we are of opinion that the entry into the house in question was shown to have been effected by actual breaking. Art. 1319, Vernon's P. C.

The remarks of State's counsel complained of in bill of exceptions No. 4, appear from the qualification of said bill by the trial court, to have been made in reply to the argument of appellant's counsel. No special charge was asked instructing the jury not to consider such remarks. No error appears in said bill.

Many matters are complained of in appellant's brief, which we cannot consider because not brought before us in any of those ways provided by statute for the presentation of matters believed to be erroneous. Complaints made in motions for new trial of charges given by the lower court, and of evidence admitted upon the trial, cannot be considered by us except such charges be properly excepted to when given, and proper exceptions be taken and preserved by bill of exceptions shown in the record to the introduction or rejection of evidence.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

March 1, 1922.

HAWKINS, Judge.—In his motion for rehearing appellant insists that we were mistaken in holding that the court properly refused his special requested instruction with reference to the value of the property taken as a result of the alleged burglary. Appellant proceeds upon the theory that because there is a law making it an offense to sell whisky that it follows there is no market value for the same and appellant can not be guilty of burglary if the burglary was perpetrated for the purpose of stealing whisky. We do not regard it as necessary to discuss the question at any length. The evdience in the instant case shows that before the present prohibition law went

into effect that the owner of the whisky procured a considerable amount thereof and made a report to the United States Government with reference thereto and without any complaint from the Government continued to hold the same. It would appear he was in lawful possession of the whisky and the fact that he may have not been permitted to go into the open market and offer the same for sale would none the less render one guilty of burglary who broke into the house with the purpose of stealing the whisky kept therein.

Appellant also complains in his motion that the court did not discuss the question raised by him in his motion for new trial; viz: that the evidence did not support the allegation in the indictment that the house alleged to have been burglarized was occupied by Tom Primm. The proof shows that at the time of the burglary Mr. Primm was in a sanitarium and had been for some four or five weeks. His wife remained at home, visiting and staying with him at the sanitarium as much of the time as was practicable for her to do so. The rules as to alleging and proving ownership or possession in cases of burglary are the same as in cases of theft. (See Branch's Anno. Penal Code, Section 2325 and authorities collated thereunder.) It has been held by this court that although the proof might show that the owner was out of the State at the time of the theft, it will not change his possession of the property if he had not left the same in the actual care, control and management of another. Webb v. State, 44 S. W. Rep. 498; Parks v. State, 89 S. W. Rep. 1064; Cameron v. State, 44 Texas Crim. Rep. 652. The most recent case discussing in whose possession or control the burglarized house should be alleged where the evidence shows it was community property will be found in Peoples v. State, 90 Texas Crim. Rep. 236, 234 S. W. Rep. 394. The fact that Mr. Primm was temporarily in the sanitarium did not render it inappropriate for the State to allege that his residence was in his possession or custody, and the proof made was not inconsistent with the allegation.

The motion for rehearing is overruled.

*Overruled.*