## Earl Mathewson v. The State.

### No. 7223. Decided April 18, 1923.

**1.—Theft—Ownership—Indictment.**

Where the evidence showed that the alleged owner had general management and control over all the departments in the store, the ownership was properly alleged.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of an overcoat of the value of fifty-five dollars, the evidence was sufficient to support the conviction, there is no reversible error.

**3.—Same—Value—Bill of Exceptions.**

Where the bill of exceptions was incomplete in that it failed to show what the answer would have been to the question as to what witness paid for the coat, the same cannot be considered on appeal.

**4.—Same—Principals—Charge of Court.**

Where, upon trial of theft, the evidence raised the issue of principals, the court properly charged thereon.

Appeal from the Crim. District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of theft of an overcoat of value over fifty dollars; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, and *Jess M. Brown*, Dist. Atty., for the State.

HAWKINS, Judge.—Under an indictment charging appellant with theft of an overcoat of the value of $55 from one W. C. Stonestreet, he was convicted and his punishment assessed at five years confinement in the penitentiary.

A mercantile establishment under the name of Stonestreet & Davis was doing business in the city of Fort Worth. It was an incorporated concern, Stonestreet being president, and in active charge and con-

trol of the store at the date of the alleged offense, At the time of the alleged theft he had stepped out of the store to lunch, being absent for about thirty or forty minutes, during which time the property in question was taken. W. A. Cunningham was manager of the clothing department from which the coat was taken. A question is raised by appellant that the indictment should have charged ownership in Cunningham instead of Stonestreet. To this contention we can not agree. The evidence shows that Stonestreet had general management and control over all the departments in the store. Cunningham was only in charge of the clothing department with other men in charge of other departments, but Stonestreet had general control over the entire establishment. Ownership was therefore properly alleged in him.

Appellant and his wife came into the establishment in question and Mr. Perrin, one of the salesmen in the store sold him a collar. After appellant put the collar on he asked permission to use the telephone which was on a desk near the side door and about three feet from the cabinet in which the overcoats were hanging. Perrin was waiting on another customer but at the same time was watching appellant and his wife. While appellant was ostensibly talking over the telephone his wife was handling the overcoats hanging in the cabinet, and a conversation seemed to have been going on between her and appellant, although Perrin was at such a distance he could not hear what was being said. Immediately after appellant hung up the telephone his wife handed him an overcoat which she took from the cabinet; he placed it on his arm and placed over it his own overcoat which he had brought into the store with him, and the two passed out through the side door into the street. Perrin called to Cunningham and they immediately pursued them. As soon as appellant observed they were being followed he and his wife separated. Appellant ran several blocks, across the street and up an alley. Perrin was close in pursuit, and saw him pass in the back door of a restaurant; the coat was discovered immediately thereafter hanging upon a rack in this restaurant. A customer in the restaurant at the time saw appellant hurriedly enter the back door, hang up the overcoat and run out the front door.

There is no basis for the contention that the evidence is insufficient to support the conviction. The evidence is positive that the reasonable value of the overcoat in Fort Worth at the time of the theft was more than fifty dollars. While Stonestreet was upon the witness stand he was asked by appellant what they paid for the coat, in other words, what the wholesale purchase of it was. Objection that this testimony was immaterial was sustained by the court and a bill of exception to this ruling is in the record. It is incomplete however in that it fails to show what the answer would have been to the question and is therefore not subject to review. (Sec. 212, page 135, Branch's Ann. P. C.)

Complaint is made by exception to the charge of the court in a number of particulars. We have examined it in the light of the exceptions and fail to find any valid objection thereto. The court was fully warranted in charging upon principals. The evidence raised the issue that appellant and his wife were acting together in the theft of the coat. His immediate flight therewith confirmed this theory.

Finding no error in the record the judgment is affirmed.

*Affirmed.*