TOM GREENWOOD v. THE STATE.

No. 8926. Delivered May 6, 1925.

1.—Aiding Prisoner to Escape—Statement of Facts—When Filed.

Where the term of Court extends for more than eight weeks, when approved by the court, a statement of facts may be filed at any time within ninety days from final judgment, without reference to any order of the court granting or extending the time. See Art. 845 C. C. P. This article, however does not include bills of exceptions within, its terms.

2.—Same—Charge of Court—Exceptions To—How Preserved.

Where written exceptions to the court's charge appear in a record, but there is no statement in it, nor notation on it to the fact that they were presented to the trial court before the main charge was read, or the argument begun, they will not be considered. It is absolutely requisite that this be shown. Following Salter v. State, 78 Tex. C. R. 325 and other cases cited.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for conveying into jail an implement useful in aiding a prisoner to escape; penalty, two years in the penitentiary.

The opinion states the case.

*H. N. Cooper,* of Houston, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney for, the State.

HAWKINS, JUDGE.—Conviction is for conveying into jail an implement useful in aiding a prisoner to escape. Punishment is two years in the penitentiary.

Our State's attorney suggests that the statement of facts should not be considered because of delayed filing, relying upon Holden v. State, 267 S. W. Rep. 275. The trial term continued for more than eight weeks. Sentence was pronounced on February 25th. This was the final judgment. Article 845, C. C. P., reads in part:

"Provided, if the term of said court may by law continue for more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered. unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception." There was no order of extension made. The thirty days expired March 27th. The statement of facts were not filed until March 28th, and were approved by the trial judge on that date. Not having made an order of extension beyond the thirty days, and the statement of facts not being presented to him until after the thirty days expired, the judge might have declined to approve it, but having given it his approval, can it be considered? The last sentence of Article 845 C. C. P., was added by an amendment of the legislature in 1911 and reads: "Provided, that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same." Where court extends for more than eight weeks the transcript is required to be filed in this court within ninety days from final judgment; if less than eight weeks, within ninety days from adjournment. Under the provision last quoted the statement of facts in the present case having been filed within ninety days after final judgment, is entitled to consideration, it having been approved by the trial judge, although the approval was after the thirty days allowed by statute. This is not true as to bills of exception, unless an order for extension was made, because the provision last quoted does not include bills of exception within its terms. The Holden case (*supra*) has reference to bills of exception being filed too late, and not to statement of facts.

The prosecution was under Art. 329 P. C. We have examined the facts and are of opinion they support the verdict and judgment.

There are some written objections to the charge, but there is no statement in it, nor notation on it, to the fact that they were presented to the trial court before he main charge was read, or the argument begun. It is requisite that this be shown. Salter v. State, 78 Texas Crim. Rep. 325, 180 S. W. 691; Castleberry v. State, 88 Texas Crim. Rep. 502, 228 S. W. 216; Edwards v. State, 91 Texas Crim. Rep. 196, 237 S. W. 933; Rhodes v. State, 93 Texas Crim. Rep. 574, 248 S. W. 679.

A special charge requested and refused was upon a subject which appears to have been covered in the main charge.

Finding no error in the record which justifies a reversal of the judgment, an affirmance is ordered.

*Affirmed.*