HARLEY HOLLAND AND J. D. PIERCE v. THE STATE.

No. 12308. Delivered March 13, 1929.

The opinion states the case.

*A. B. Haworth* and *Bob McCampbell* of Comanche, for appellant.

544

*A. A. Dawson,* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for life.

Dick Hazzard and appellants were jointly indicted for the offense of rape. Hazzard was placed on trial first. Appellants were tried jointly. See the companion case of Dick Hazzard 'v. State, Number 12,307, opinion this day delivered. The court submitted a charge covering the law of principals predicated on the state's theory that appellants aided Hazzard while he raped prosecutrix.

Appellants challenge the sufficiency of the evidence. We briefly state the evidence as follows: Dick Hazzard made an engagement to take prosecutrix, Velma Bankhead, to church. He called at her house at night. Appellants were waiting for Hazzard some distance away. Prosecutrix entered the car with Hazzard and they traveled in the direction of the church, stopping to pick up appellants. Hazzard sat on the back seat with prosecutrix. Instead of going to church the parties drove to another town, where they were joined by Christine Gammage. Driving back towards the home of prosecutrix Hazzard attempted indecent familiarities with her person. Prosecutrix resisted. The car stopped and appellants and Hazzard struggled with prosecutrix until they got her out of the car. Dragging her from the car, prosecutrix was carried to a point near the road. She was crying for help, praying and begging appellants and Hazzard to desist. She fought and resisted them until she was exhausted. Pierce held the hands of prosecutrix while Hazzard stripped off her clothing. She fought to no avail. Hazzard accomplished his purpose. Thereafter appellants, by the use of force similar to that already described, ravished prosecutrix. A second time Hazzard forcibly ravished her. The parties endeavored to secure her promise not to report the outrage. They drove to her home where she immediately told her mother. Shortly thereafter she was examined by a physician. Her hymen had been ruptured, she was bruised and bleeding. Her clothing was disarranged, soiled and bloody. Prosecutrix and Christine Gammage testified to the facts and circumstances immediately surrounding the transaction. Prosecutrix, her mother, father and a physician testified to her condition upon her arrival home. Other witnesses testified to having visited the place where the offense was committed and described tracks and conditions at the scene tending to corroborate the fact that the offense had been committed. Appellants offered no testi-

mony. We are of the opinion that the testimony is sufficient to support the conviction.

The state proved by its witness Gilmore, over objection, that Hazzard and appellant Holland stated to appellant Pierce in his presence on the afternoon before the offense was committed that "They had everything fixed" and that everything was "O. K." The bill of exception is insufficient to require a review, but we do not discuss the question of its insufficiency inasmuch as the evidence complained of seems to have had relevant and material bearing as tending to show preparation for the commission of the offense.

As shown by bill of exception Number 2, the mother of prosecutrix testified that prosecutrix stated to her upon reaching home: "Oh, mama, they have ruined me"; and that the mother said, "Oh, my God, my darling." Among other objections, it is stated as a ground of objection that the statement of the mother of prosecutrix was not res gestae. No evidence in support of the ground of objection is incorporated in the bill of exception. As far as the bill discloses the matter the statements complained of were res gestae. Again it is not disclosed by the bill of exception that appellants were not present when the statement was made. Hence reversible error is not shown.

We find in the record some written objections to the court's charge. There is no statement in the objections or notation thereon showing that said objections were presented to the trial court before the main charge was read, or the argument begun. It is requisite that this be shown. Greenwood v. State, 272 S. W. 172, and authorities cited.

We have carefully examined every contention made by appellants and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.