## NICK METAXES V. THE STATE.

No. 16856. Delivered October 10, 1934.
Rehearing Denied November 21, 1934.
Reported in 75 S. W. (2d) 888.

314

The opinion states the case.

H. R. Sutherland, I. M. Singer, and John A. Mobley, all of Corpus Christi, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for two years.

Phil Werner, president and manager of South Texas Candy Company, a corporation engaged in the business of selling candy and cigars, testified that the company's store was burglarized on the 2nd of August, 1933, and cigars and chewing gum of more than $50 in value taken therefrom. In his investigation of the burglary, an officer arrested appellant. Pursuant to statements made to him by appellant the officer recovered approximately $80 worth of the stolen property and returned it to Mr. Werner. In his written confession, appellant stated that he bought the cigars and chewing gum from Romulo Vidauri at 1 o'clock a. m., August 3, 1933. Romulo Vidauri testified that one Riviera, Rudolfo Rodriquez and he committed the burglary and took the gum and cigars to appellant's place at 1 o'clock in the morning; that they went to appellant's back door, where he received the stolen goods and paid them $60; that before the burglary was committed they talked to appellant, asking him if he would buy some cigars and cigarettes from them, and that he replied that he would. According to his confession, appellant immediately sold the stolen property to one Stathulis, receiving therefor $70 in cash. Stathulis carried the property from Corpus Christi to San Antonio.

We deem the evidence sufficient to support the conviction.

The term of the trial court by law extending more than eight weeks, appellant had by statute thirty days from the date of final judgment to file his bills of exception. Article

760, C. C. P.; Greenwood v. State, 272 S. W., 172. Final judgment was rendered December 14, 1933. No order of extension was made. The only two bills of exception found in the record were filed March 14, 1934, which was more than thirty days after final judgment had been rendered. Manifestly, under the statute, we are not authorized to consider the bills of exception.

The indictment charged that the cigars and chewing gum appellant received were the property of Phil Werner. Appellant contends that the proof shows that such property belonged to South Texas Candy Company, a corporation, and that therefore there is a variance. We are unable to agree with this contention. We quote from Osborne v. State, 245 S. W., 928, as follows: "A corporation may, in its corporate name, hold title (ownership) to personal property which is the subject of theft. It is equally true that the 'actual care, control and management,' (the possession) thereof must of necessity be in some natural person, some one acting for the corporation. Therefor the better rule of pleading in charging theft of such property is always to charge both ownership and possession in such natural person." Mr. Werner was president of the corporation and in active charge and control of the business at the time of the burglary. He had the actual care, control and management of the merchandise of the concern at the time the theft was committed. Hence the allegation of ownership in him was proper. See Edwards v. State, 235 S. W., 890; Mathewson v. State, 250 S. W., 682.

It was alleged in the indictment that appellant received the stolen property from Romulo Vidauri. The testimony of Vidauri was to the effect that he, Riviera, and Rudolfo Rodriquez committed the burglary and jointly delivered the property to appellant. Under the circumstances, appellant contends that there is a variance. We are constrained to overrule the contention. We think the situation is analogous to that found in the case of McGee v. State, 17 S. W. (2d) 50. In McGee's case it was alleged in the indictment that McGee sold intoxicating liquor to Elbert Bodine. The proof was to the effect that the liquor was sold to Elbert Bodine and two other named persons. It was held that there was no variance. However, in the course of the concurring opinion by Presiding Judge Morrow it was stated that had the indictment charged the sale to the three named parties and the proof showed a sale to only one of them there would have been a variance. The case of Kahanek v. State, 201 S. W., 994, cited in appellant's brief, is not in point.

In that case the indictment charged that the stolen property was received from two named parties. It was held that it was necessary for the proof to show that the accused received the property from both parties.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to the propositions advanced in appellant's motion for rehearing,—we are of opinion that if three parties steal property and thereafter another receives or acquires same from them in such manner as to make out the offense of receiving and concealing stolen property,— it would be sufficient to allege in the indictment that said property was received from one or more of the takers. Appellant's contention in his motion for rehearing that there was a variance because the testimony showed that the property was taken by three thieves and by them jointly delivered to him,—when the indictment alleged that the property was receivd from one of said parties,—is not sound.

There was abundant testimony that the property received by appellant from Vidauri, et al. was of the value of more than fifty dollars.

The motion for rehearing will be overruled.

*Overruled.*