## Ben E. New v. The State.

No. 18344.   Delivered June 17, 1936.
Rehearing Denied October 14, 1936.

The opinion states the case.

*O. M. Wylie,* of Archer City, and *Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the

offense of theft of property over the value of fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of eight years.

This case was before this court on two former occasions. The last opinion delivered by the court will be found reported in 83 S. W. (2d) 668. The substance of the testimony as there set out is very similar to that on this appeal. Therefore we do not deem it necessary to here restate the substance of the same.

Appellant's first complaint is that the court erred in overruling his motion for a severance and to place Grady New on trial first. He alleged that it was his opinion that the testimony against Grady New, who was indicted separately for a like offense and which grew out of the same transaction, was insufficient to warrant Grady's conviction; that in case of an acquittal, he desired to use Grady as a witness. The court overruled the motion upon the assurance of the district attorney that in case the appellant desired to use Grady as a witness, he would be available. After the State and defendant had rested the court dismissed the cases then pending against Grady and so advised appellant's counsel that Grady New was now available to him, if he desired to use him as a witness, but appellant declined at that time to avail himself of the opportunity of calling Grady as a witness. It occurs to us that under the facts as disclosed by this record no reversible error was committed.

Appellant's next contention is that the court erred in overruling his motion to quash the indictment and the various counts thereof. We have examined the indictment and think that it is sufficient to charge the offense of which appellant was convicted.

Appellant in due time urged six objections to the court's main charge. The first is that the court failed to instruct the jury that if the defendant at the time he acquired the property from Jes Rasmussen intended to deliver to Rasmussen the consideration agreed upon, but was prevented therefrom by any matter transpiring thereafter, to acquit him. Such an issue was not raised by any of the testimony adduced upon the trial. At least we have been unable to find it in the record.

Appellant's third objection is that the court failed to instruct the jury that before they could find the defendant guilty of theft by false pretext the jury must find from the evidence beyond a reasonable doubt that at the time the defendant acquired the possession of said certificates of deposit, he then

had the intent to appropriate said certificates of deposit to his own use and benefit and not to deliver the stock certificates to Jes Rasmussen, etc. We find from an inspection of the court's charge in paragraph two thereof that the court did instruct the jury that if they believed from the evidence beyond a reasonable doubt that defendant came into lawful possession of the assignment described in the indictment, that such possession was obtained by false pretense and with the intent at the time to deprive the said Rasmussen of the value thereof and to appropriate said property to the use and benefit of himself, etc., then you will find the defendant guilty; and also instructed the jury that if they did not so find or had a reasonable doubt thereof, to acquit him. The court's failure to instruct the jury that if appellant then and there had the present intent to deliver said stock certificates, to acquit him was not error. If the appellant had offered any testimony as to his good intention or if the State had introduced testimony from which such an inference might have been drawn, then the court no doubt would have given an instruction upon that theory of the case. The record discloses that the appellant did not deliver any certificates of stock to Rasmussen and had not done so at the time of the trial which occurred more than two years after the commission of the alleged offense. As a general rule the intentions of a person are ascertained from his acts and conduct at, before, and subsequent to the transaction in question. Applying this rule to the facts proven we do not think that the objection is well taken. All other objections have been examined and deemed to be without merit.

There are sixteen bills of exception in the record, all of which were filed too late, and therefore, cannot be considered by this court. It will be noticed that the motion for a new trial in this case was overruled on November 7, 1935. No order was made extending the time within which bills of exception might be filed. Sentence was passed on the appellant on the same day the motion for a new trial was overruled. The caption shows that the term of court extended from October, 1935, until February, 1936, that is, court opened on October 21, 1935, and on February 5, 1936, at the date of the transcript it was yet in session. It clearly shows that the bills of exception were filed too late to be considered. See subd. 5 of Art. 760, C. C. P., 1925; Metaxes v. State, 75 S. W. (2d) 888.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing, complaining that we declined to consider his sixteen bills of exception because filed too late, and cites us to Chap. 105, Acts Regular Session, 44th Legislature, which seems to attempt to lay down rules of practice in certain counties, one of which is the county of trial herein, which rules, according to appellant's contention, are so variant from the general rules laid down for our practice at large in this State as that appellant is entitled thereunder to have his said bills considered, even though same were filed more than ninety days after the overruling of his motion for new trial. We see no reason for a discussion of the dubious need for such a statute as the one above referred to which, if furnishing a precedent, might result in a tremendous confusion in practice in this State because different rules governing all matters of practice in our courts might be enacted by the Legislature as applicable to different sections of the State, unless same be held repugnant to our Constitution because special or local laws.

As applicable to the case before us, we observe that the trial term of the court below lasted more than eight weeks, in which event bills of exceptions should be filed within thirty days after final judgment, unless otherwise ordered of record by the trial judge. The record before us shows that on November 7, 1935, the trial court overruled appellant's motion for new trial herein, entered his notice of appeal and duly sentenced him,—no time being given him for filing statement of facts and bills of exceptions other than that fixed by statute. The transcript in this case was certified by the clerk of the court below on February 5, 1936, and shows that the trial term, which began October 21, 1935, was not yet ended. This fixed the status of said term as continuing more than eight weeks. We do not quote the contents of the act embraced in said Chap. 105, supra, but content ourselves with saying that nothing therein affords this appellant the slightest legal ground for complaint of our refusal to consider his bills of exceptions because filed too late.

We have again gone over each of the other complaints appearing in appellant's motion for rehearing, in support of none

of which does he cite any authorities, and find in none of them cause for changing our opinion herein.

The motion for rehearing is overruled.

*Overruled.*