## J. W. GIBBONS V. THE STATE.

*No. 1410. Decided November 25th, 1896.*

**Forgery—Indictment—Purport and Tenor—Variance.**

Where the purport clause of an indictment charged that the forged instrument purported to be the act of D., whereas it was set out by its tenor as the act of G., B., D. and U. Held: There was a fatal variance between the purport and tenor clauses of the indictment.

APPEAL from the District Court of Montague. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction for forgery; penalty, two years' imprisonment in the penitentiary.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery; and given a term of two years in the penitentiary; hence this appeal. The purport clause of the indictment charges the forgery to be the act of E. B. Dixon. The instrument is set out by its tenor, and shows that the note was signed by J. W. Gibbons, L. Brown, E. B. Dixon, and Hiram Utt. Motion was made in arrest of judgment because of this variance between the purport and tenor clauses of the indictment. There was no necessity for the indictment to have charged the purport clause. See, Westbrook v. State, 23 Tex. Crim. App., 401. When it contains such a clause, the instrument must correspond with what is alleged to be its purport. Now, it is true that the instrument purports to be the act of Dixon, but it also purports to be the act of Gibbons, Brown, and Utt. Taken that the instrument was the act of all, and not the act of Dixon alone, we are of opinion that this is a fatal variance, and that the purport clause, if true, would admit in evidence an instrument signed alone by Dixon. When the indictment alleged that the instrument purported to be the act of Dixon, appellant was informed that he would be called upon to meet a charge of forgery on a note signed by Dixon alone, and not be called upon to meet an instrument signed by four persons, as stated above. This indictment does not allege specifically that

Dixon's name was forged to the instrument. It does not allege in what particular act the forgery consists. It says that the false instrument in writing was made and passed without the consent of the said Dixon. Dixon may have signed this instrument, according to the indictment, and yet appellant may have forged the name of Gibbons, Brown, or Utt, or he may have signed the names of these last-named parties with their permission. If the indictment had alleged that the appellant forged the instrument set out in the indictment, without any purport clause, proof that Dixon's name had been forged thereto would have sustained the bill; or if the indictment had set out the instrument, and alleged that Dixon's name was forged to it, that would have been sufficient. But the indictment alleges that the appellant forged the instrument purporting to be the act of Dixon. This is equivalent to alleging that it was the act of Dixon alone. The word "purport" imports what appears on the face of the instrument. It means the apparent, and not the legal, import of the instrument. We are of opinion that the judgment should have been arrested, and the judgment is therefore reversed and the prosecution ordered dismissed.

*Reversed and Dismissed.*