### LON, ALIAS IKE CRAYTON· V. THE STATE.

#### No. 2471.   Decided April 22, 1903.

**1.—Forgery—Indictment—Variance.**

Where the purport clause of an indictment for forgery alleges that the forged instrument is the act of a single named party, and the tenor clause showed it to be the act of several parties, the variance is fatal and the indictment will be dismissed.   .

**2.—Same.**

A general statement in a motion to quash an indictment, "that the indictment charges no offense against the laws of the State," covers every objection that could be legally urged to its validity.

**3.—Same—Convict Bond.**

The terms of a statutory convict bond create a common law as well as a statutory obligation, and is a legal subject of forgery in contemplation of our statute.

**4.—Same—Indictment—Variance.**

Where the allegation in the indictment was that the alleged forged instrument was an undertaking to pay the remainder of a judgment, and the instrument itself showed an understanding to pay a judgment, there is no such variance as invalidates the indictment.

**5.—Same.**

An indictment for forging a county convict bond should set out the bond in haec verba and allege that the bond was approved by the county judge.

Appeal from the District Court of Williamson.   Tried below before Hon. R. L. Penn.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The indictment is set out in the opinion.   No further statement is necessary.

No briefs on file for appellant.

*Howard Martin,* Assistant Attorney General, for the State.

BROOKS, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of five years.

The charging part of the indictment is as follows:

"Lon Crayton, alias Ike Crayton, * * * on or about the 28th day of March, 1902, * * * then and there, without lawful authority, and with intent to injure and defraud, did willfully and fraudulently make a false and forged instrument in writing purporting to be the act of Brack Hall, which said false and forged instrument in writing ·is substantially to the tenor as follows:

" 'The State of Texas, County of Williamson.    Know all men by these presents:    That we, Isaac Crayton, as principal, and the other sub-scribers hereto as sureties, are held and firmly bound unto Chas. A. Wilcox, county judge of Williamson County, and his successors in office, in the penal sum of twenty-three and no-100 dollars, well and truly to be paid, to which we bind ourselves, our heirs and assigns, jointly and sever-ally.

" 'The condition of this obligation is such that, whereas, the above bounden principal has this day hired from the said Chas. A. Wilcox, county judge, one Lon Crayton, a convict of said county, at the rate of fifteen dollars per month, until he shall have discharged the sum of twenty-three dollars, the same being the amount of fine and costs ad-judged against him in the county court of said county, at its Dec. term, 1902, the same being due and payable as follows:    $15.00 on April 28th, 1902.    $8.00 on May 15th, 1902.

" 'Now should the said principal well, faithfully and promptly pay to the said Chas. A. Wilcox, county judge, as aforesaid, or his successors in office, all such sums of money as may become due under and according to the tenor of this bond, and treat said convict humanely while in his employment, furnishing him with a sufficient quantity of good and wholesome food and comfortable clothing, and medicines when sick, and not require the convict to work at unreasonable hours, or for a longer time during any one day than other laborers doing the same kind of labor are accustomed to work, then this obligation shall be null and void, otherwise to remain in full force and effect.

" 'Witness our hands, this 28th day of March, 1902.    Isaac Crayton, April 5.    Brack Hall, April 5.    Peary Robson, April 5.    Bird Roley, April 5.

" 'Approved:  ———, County Judge, ——— Co., Texas.'

"That the said Lon Crayton, alias Ike Crayton, did then and there owe to the county of Williamson, in the State aforesaid, a balance of twenty-three dollars, upon a judgment for fine and costs, rendered in cause No. 4563 on the criminal docket of the County Court of William-son County, Texas, which said judgment was rendeerd at the December term, A. D. 1902, of said county court—against the peace and dignity of the State."

It will be seen from an inspection of the indictment that in the pur-port clause the false instrument is alleged "to be the act of Brack Hall," whereas the instrument as set out shows the same to be the act of "Isaac Crayton, Brack Hall, Peary Robson, Bird Roley."    Under a long line of authorities, this is fatal.    Where the purport clause alleged that the forged instrument purported to be the act of the accused, another party, and one M. W. Leonard, and the tenor clause described the instrument as one executed by accused, another party, and one W. W. Leonard, it was held a fatal variance, for which the prosecution should be dismissed. Williams v. State, 35 Texas Crim. Rep., 183.    Where the purport clause

of an indictment for forgery alleged the instrument to be the act of G., and the tenor clause showed it to be the act of S. & G., held, the variance in the indictment was fatal. Stephens v. State, 36 Texas Crim. Rep., 386. And see, also, Gibbons v. State, 36 Texas Crim. Rep., 469; Fite v. State, 36 Texas Crim. Rep., 4. However, this exact question is not raised in the motion, except by the general statement "that the indictment charges no offense against the laws of the State." But in considering the validity of an indictment this exception covers every objection that could be legally urged.

The second ground of his motion to quash is that the instrument declared upon in the indictment as the alleged forged instrument, if true and genuine, would be void, there being no consideration for the same; and there being no allegations in the indictment making it clear that, if genuine, it would create, increase, diminish, discharge, or defeat any pecuniary obligation as required by law. We do not think this objection is tenable. The law authorizes the giving of a convict bond, either for the whole or part of a judgment theretofore rendered against the party giving the bond. The terms of the bond under consideration create a common law as well as a statutory obligation, and, in contemplation of the forgery statute, could be made the subject of forgery.

Appellant's third insistence is that there is a fatal variance between the allegations in said indictment and the allegations in the alleged forged instrument set out in this: That the indictment states the alleged forgery is an undertaking, if true, to pay the remainder of a judgment, while the alleged forged instrument, if true, is an undertaking to pay a judgment; and that there is no allegation explaining said variance. However, we do not think it would invalidate the indictment.

It is also insisted the indictment is defective because the alleged instrument is not set out in haec verba. We are not certain as to the ground of this objection. The only language making it apparent that it is not set out in haec verba is the failure of the allegations in the indictment to state that the bond was approved by the county judge. This would vitiate the indictment, and would constitute a variance. We would suggest that in each instance the forged instrument should be literally copied in the indictment, inasmuch as it often becomes a nice question as to whether certain omitted parts thereof are a part and parcel of the instrument itself.

The judgment is accordingly reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*