WILL WESTBROOK v. THE STATE.

No. 5960.   Decided December 1, 1920.

1.—Selling Intoxicating Liquors—Validity of Federal and State Laws.

It not being necessary to pass on the question of conflict between what is known as the Dean and the Volstead laws, raising the question of State and Federal authority, the same is not discussed.

2.—Same—Jeopardy—Former Conviction—Practice in Trial Court.

Where, defendant was indicted in two indictments, one for the sale of whiskey to H, and the other to R, and was convicted in the H case and appealed to this court, and when the R case was called pleaded former conviction and jeopardy in proper form, and also filed a motion to continue until the appeal in the H case should be decided, the continuance or postponement should have been granted until said appeal had been decid-

ed, to give him opportunity to file his plea of former conviction if justified under the facts. Following Phillips v. State, 73 Texas Crim. Rep., 393, and other cases.

Appeal from the District Court of Red River. · Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of selling intoxicating liquors; penalty, one year confinement in the penitentiary.

The opinion states the case.

*Sturgeon & Sturgeon,* for appellant.—On question of motion in bar: Cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of selling intoxicants, his punishment being assessed at one year in the penitentiary.

There are several important questions presented, among others, the conflict between what is known as the Dean and the Volstead laws raising the question of State and Federal authority. Another question, however, is presented which will dispose of this appeal without discussing that or remaining questions.

Appellant was indicted in two indictments, one for the sale of whisky to Harbison and the other to Roach. He was convicted in the Harbison case and appealed to this court. When this case for selling to Roach was called appellant pleaded jeopardy; former conviction. The plea is in proper form as required by the statute and decisions. He also filed a motion to continue this case until the appeal in the Harbison case should be decided. The State demurred to the plea and the court sustained it on the ground that the indictments charged the name of different purchasers. Exception was properly reserved. This ruling presents reversible error. Whether his plea was well taken depends upon the facts. The sales mentioned in the two indictments might or might not constitute one sale. It might constitute two sales. This could be determined only from the facts attending the transaction. The mere fact that one indictment charged a sale to one man and the other indictment to another man does not necessarily carry with it the conclusion that there were two sales, and would not necessarily determine the issue as to it being but one transaction and one offense. If the sale was made to both parties at the same time and jointly, there would be but one offense. If the sale, however, was made to each by separate acts of sale and in such manner as to constitute two distinct sales, then there might be two offenses. This may be illustrated in a case of homicide. Where two parties are killed by one act it would usually be but one offense, and a conviction or acquittal of killing one would bar further prosecu-

tion as to killing the other, but if the killing occurred by different acts and different shots directed against the slain parties separately and with different intents, the offense of former conviction or acquittal would or might raise the question of jeopardy. The determination of this question is to be found in and decided by the facts attending the transaction out of which the prosecutions grow. If we look to the record before us in this case the State's theory shows substantially that if appellant made a sale of a certain amount of intoxicants to the named purchaser, it was but one sale and one act. There might not be two different sales. The inference is that the parties bought it jointly and divided it subsequently. If this was true, this would constitute a joint purchase and not different sales. The conviction in the case charging a sale to Harbison was appealed to this court and is now pending. Appellant had the legal right to have the appeal decided in the pending case before being tried on the other case, and having properly asked it that request should have been granted. Maines v. State, 37 Texas Crim. Rep., 617; Powell v. State, 42 Texas Crim. Rep., 11; Dupree v. State, 56 Texas Crim. Rep., 563; Lindly v. State, 57 Texas Crim. Rep., 305; Phillips v. State, 73 Texas Crim. Rep., 323. Having brought himself properly within the law, appellant was entitled to have this case postponed until the appeal in the other case had been decided. If the judgment in that case should be affirmed he would have had the legal right to interpose his plea of former conviction, and if sustained by the law and the facts, a discharge from the second prosecution should be had. This, however, would depend upon the facts. If the judgment in the case in which Harbison was alleged to be the purchaser should be reversed, appellant's plea would be of no legal service to him for the reason there would be no former conviction or acquittal. He could then be tried either upon the Harbison or this case, because of the fact there would be no conviction or acquital under the circumstances above stated. Appellant was entitled to have the case continued until the disposition of the pending case in this court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*