THOMPSON v. STATE. (No. 6229.)

(Court of Criminal Appeals of Texas.
April 27, 1921.)

Bail ⬅66, 68—Recognizance on appeal, which does not show that defendant was convicted of any offense, held insufficient.

Under Vernon's Ann. Code Cr. Proc. 1916, arts. 902 and 903, relating to recognizance on appeal and the form thereof, a recognizance which does not show that defendant has been convicted of any offense, and does not bind him to abide the judgment of the appellate court, is insufficient to authorize the appellate court to entertain the appeal.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

R. F. Thompson was convicted of robbery, and he appeals. On motion to dismiss appeal. Motion sustained.

See, also, 234 S. W. 400, 401, 406.

Grisham Bros., of Eastland, for appellant.
C. M. Cureton, Atty. Gen., and C. L. Stone, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of 10 years.

The state has filed its motion to have the appeal dismissed because of a defective recognizance. After conviction, in order to secure his release from custody pending this appeal, appellant entered into the following recognizance:

"This day came before the court in session the defendant, R. F. Thompson, and came also with him J. L. Thompson and J. T. Miller and J. A. Easterland, and the said R. F. Thompson, as principal, and the said J. L. Thompson, J. T. Miller, and J. A. Easterland, as his sureties, each acknowledged himself to owe and be indebted to the state of Texas, the said principal, R. F. Thompson, in the full sum of $2,000, and the said sureties, J. L. Thompson and J. T. Miller and J. A. Easterland, each in the sum of $2,000, to be levied on their goods and chattels, lands and tenements, to be void, nevertheless, on condition that the said principal, R. F. Thompson, who stands legally charged in this court with the offense, that is, a felony, to wit, the offense of robbery with firearms, by indictment duly presented and pending against him in the above-entitled and numbered cause, shall well and truly make his personal appearance before this, the district court of Eastland county, Texas, at this present term of said court now in session, at the courthouse of said county, then and there to remain from term to term and day to day of said court, to answer the said accusation preferred against him by said indictment until discharged from further liability thereon according to law."

The recognizance is totally insufficient to authorize this court to entertain the appeal. It might be good as an appearance recognizance in the trial court, but is not in conformity to articles 902 and 903, Vernon's C. C. P., setting out the requirements of a recognizance on appeal in felony cases. It fails to show that appellant had been convicted of any offense, and does not bind him to abide the judgment of this court. Where the form of the recognizance is plainly set out in the statute, as it is in article 903, there would appear to be little excuse for not following the same. Black v. State, 68 Tex. Cr. R. 151, 151 S. W. 1053; King v. State, 83 Tex. Cr. R. 304, 203 S. W. 52; Westbrook v. State, 88 Tex. Cr. R. 223, 466, 225 S. W. 750, 227 S. W. 1104.

The state's motion is sustained, and the appeal is ordered dismissed.

Dismissed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes