MARCELINO JARAMILLO V. THE STATE.

No. 7381.   Decided December 20, 1922.

**Rape—Misconduct of Jury—Practice on Appeal.**

Where, under the motion for new trial, because of the misconduct of the jury in discussing the defendant's failure to testify, one juror only was called to testify, and no bill of exception was reserved to the action of the court in overruling the motion, the same cannot be considered on appeal. Besides, if the statement of facts were considered on the issue of misconduct of the jury, the same finds no support therein.

Appeal from the District Court of Bexar. Tried below before the Honorable S. G. Tayloe.

Appeal from a conviction of rape; penalty, ten years' imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. *Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for rape upon a female under fifteen years of age. Punishment was assessed at ten years in the penitentiary.

The record contains no bills of exception, and no statement of facts upon the main trial. It is alleged in the motion for a new trial that one of the jurors discussed appellant's failure to testify. This one juror only was called to testify upon hearing of the motion. No bill of exceptions is reserved to the action of the court in overruling same. This is necessary to obtain a review of the question in this court. (Branch's Ann. P. C., Sec. 572). However the statement of facts in the record upon the issue of misconduct of the jury fails to support the averments in the motion.

Finding no error in the record the judgment is affirmed.

*Affirmed.*