## Ella Bradford v. The State.

#### No. 7826. Decided October 24, 1923.

**1.—Keeping Bawdy House—Bills of Exception.**

Where neither bill of exceptions showed the answer of the witness to certain questions asked by counsel, the same cannot be considered on appeal.

**2.— Same—Withdrawal of Evidence.**

No error was committed in withdrawing from the jury certain evidence after it developed that the witness was not qualified to testify as to the matter so withdrawn.

**3.—Same—Continuance—Want of Diligence.**

Where the motion for continuance showed a want of diligence, and even if it had shown diligence, would not have presented error, and the proposed testimony was not probably true, there was no error in overruling it.

**4.—Same—Sufficiency of the Evidence—Bawdy House.**

Where, upon trial of keeping a bawdy house, the evidence is sufficient to support the conviction, the judgment must be affirmed.

Appeal from the County Court at Law of Tarrant. Tried below before the Honorable P. W. Seward.

Appeal from a conviction of keeping a bawdy house; penalty, a fine of $200.00 and 20 days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for keeping a "bawdy house" and condemned to pay a fine of two hundred dollars, and be imprisoned twenty days in the county jail.

Bills of exception two, three and five complain of certain questions asked by counsel for the state of various witnesses, but in neither bill is the answer of the witness shown. This presents no error. Branch's Ann. P. C., Sec. 210, page 134.

The learned trial judge committed no error in withdrawing from the jury certain evidence given by Mrs. Wallace on direct examination after it developed on her cross-examination that she was not qualified to speak relative to the matters so withdrawn.

The court committed no error in denying the application for continuance. On January 16th an order was made setting this case for trial on January 26th. Not until the day preceding the trial did appellant ask for process for the absent witness who was then alleged to be temporarily out of the state. When she departed is not shown. If proper diligence had been used in securing process, for aught we know from the record, the witness might have been served before having left Fort Worth. If the diligence had been sufficient we doubt if the refusal of the continuance would have presented error. In the light of all the evidence in the record the learned trial judge would not have abused his discretion had he found the proposed testimony of the absent witness not probably true. No affidavit of the witness was attached to the motion for new trial.

The other bill of exception (No. 4) presents no error.

The evidence is sufficient to support the judgment and same is affirmed.

*Affirmed.*