### Connie Jasper v. The State.

No. 8366.   Delivered November 19, 1924.

Rehearing denied December 17, 1924.

1.—Murder—Bills of Exception—Incomplete.

There are four bills of exception in the record which cannot be considered. They all relate to questions asked by appellant on cross-examination. The bills recite that the questions were answered, but omit to show what the answers were. In such condiction, the bills are defective, and present no matter that can be considered by the court.

2.—Same—Argument of Counsel—Held to be Proper.

Appellant complains of the reference by counsel for the state to the failure of appellant to use his wife as a witness in his behalf. She was shown by the evidence to have been in a position to have known material facts. She was not used as a witness by appellant, and could not be so used by the state. Counsel had a right to comment on his failure to use her as a witness.

3.—Same—New Trial—Newly Discovered Evidence—Bills of Exception.

A new trial was sought on the grounds of newly discovered evidence. The order of the court recites that evidence was heard on the motion, and that exception was reserved to overruling it. No bill of exception is presented incorporating the evidence heard, neither does the record contain a statement of the facts proven on the motion. In such state of the record, we must presume the action of the court correct, as nothing appears to the contrary.

Appeal from the District Court of Jefferson County. Tried below before the Hon. E. A. McDowell, Judge.

Appeal from a conviction of murder; penalty, ten years in the penitentiary.

*Blain & Jones,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for murder with punishment assessed at ten years' confinement in the penitentiary.

Appellant killed Claude Nichols in July, 1921. Appellant and his wife had separated in May preceding the killing. She was conducting a restaurant and rooming house. Deceased was one of the roomers. Appellant contends that deceased was the cause of the estrangement between accused and his wife. At the time of the killing deceased was seated on a bench in front of the restaurant. Appellant fired two shots with a double barrel shot gun, one while deceased was sitting on the bench and the other as he entered the door of the restaurant. Appellant's contention was that deceased placed his hand in his pocket and declined to remove it at the command of appellant and that from this conduct on the part of deceased appellant thought his life was in danger. A further statement of the facts is not. thought to be necessary. '

We find four bills of exception in the record which we regret may not be considered. They all relate to questions asked appellant upon cross-examination. The bills recite that the questions were answered but omit to show what the answers were. In such condition the bills are defective and present no matter calling for our consideration. (See authorities collated under Sec. 210, Branch's Ann. P. C. and under Note 21, Art. 744, C. C. P.)

Prosecuting attorney in his argument said, "Gentlemen, there is a rule of law in this State which a woman cannot testify against her husband." Upon objection being made the court told the attorney to desist and not to refer to same again, and instructed the jury that the statement was improper and that they should not consider it for any purpose. In view of this proceeding we see no serious error in refusing a written instruction for the jury to disregard the argument. The bill gives us no information as to what subject the prosecuting attorney was discussing. Clara Jasper, appellant's wife, was shown by the evidence to have been in a position to have known material facts. She was not used as a witness by appellant and could not be so used by the State. If this was the matter to which State's counsel was referring he had a right to comment on it.

One ground upon which a new trial was sought is alleged. newly discovered evidence. The order of the court recites that evidence was heard upon the motion and that exception was reserved to overruling it. No bill of exception is presented incorporating the evidence so heard, neither does the record contain a statement of the facts proven on the motion. In such state of the record we must presume the action of the court to have been correct as nothing appears showing the contrary. Cade v. State, 258 S. W. 484; Harcrow v. State, 261 S. W. 1046; Redford v. State, 262 S. W. 766; Hicks v. State, 261 S. W. 579; McKinzie v. State, 260 S. W. 585.

The record presenting no errors which may be considered, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, JUDGE.—Appellant makes vigorous complaint of our holding that his bills of exception do not properly present any error because same do not set out the answers which would have been given, or which were given to the questions which appear in said bills. This court seems to have almost, if not uniformly, held that where the complaint is of the answer, such answer should appear in the bill. Charles v. State, 87 Texas Crim. Rep., 233; Taylor v. State, Id., 330; Pruitt v. State, 88 Texas Crim. Rep., 203; Gates v. State, Id. 570; Lane v. State, 89 Texas Crim. Rep., 140; Hill v. State, Id., 450; Smith v. State, 90 Texas Crim. Rep., 24; Polk v. State, 91 Texas Crim. Rep., 354; Turner v. State, 93 Texas Crim. Rep., 104; Hays v. State, 94 Texas Crim. Rep., 498; Bradford v. State, 95 Texas Crim. Rep., 490; Sullivan v. State, Id. 527; Russell v. State, 96 Texas Crim. Rep., 105; Smith v. State, 232 S. W. Rep., 497. In these cases will be found frequent announcement of the fact that this court will not look through statements of facts to ascertain those things which may be necessary to show errors complained of in defective bills of exception. The Waters case, 241 S. W. Rep., 496, and the Tijerina case, 74 S. W. Rep., 913, which are cited by appellant, are cases in which the questions themselves were held objectionable regardless of the answers, it being stated that the questions manifested the purpose of the State to create prejudice against the accused, and this was ground of the objection. The Waters case, *supra*, was not reversed only for the error just discussed but was one of the errors mentioned by the court in its opinion. In that case the answers of the witness were included in the bill of exceptions, and it was also shown that in connection with asking the questions complained of, when interrogated by the court as to whether there was any basis for such questions, the prosecuting attorney stated that there was. This illustrates the difference in principle between our conclusion in this case and that reached in the cases cited by appellant. There is nothing in the questions asked by appellant evidenced by the complaints in the instant case which shows any purpose on the part of the State to create a prejudice against the accused. For instance, he was asked in the matter complained of in bill of exceptions No. 1 of what offense he had been convicted in the city court on a certain date. There is nothing in the mere asking of this question which would lead this court to conclude that the expected answer would not be some connected offense or some offense involving moral turpitude. Substan-

tially the same reasoning might be applied to the question appearing in bill of exceptions No. 2.. As stated in the original opinion, the State's theory was that the killing of deceased was because of jealousy of appellant's divorced wife. The question set out in bill of exceptions No. 2 was: "Do you know when she filed the divorce petition, or suit against you?" Manifestly this question could become material from many possible aspects of the case. We set these out as illustrative of the difference between our view in the cases cited by the appellant and in this case.

Being unable to agree with appellant, and being of opinion that the case was properly disposed of on original presentation, the motion for rehearing will be overruled.

*Overruled.*