JOHN MCGEE v. THE STATE.

No. 11318.   Delivered October 31, 1928.
Rehearing denied May 22, 1929.

The opinion states the case.

*B. L. Russell* of Baird, and *Dallas Scarborough* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

In this case the State charges a sale of intoxicating liquor to Elbert Bodine. Its proof was that a sale of such liquor was made to the party named. The defense was that the liquor sold was plum juice, not intoxicating,—but that if it was intoxicating, still no conviction could be had because the liquor was sold to Elbert Bodine, Roy Bodine and one Jeanes jointly; and that there was such variance between the proof and the allegation as would prevent conviction. The issue of variance is mainly relied on by appellant, who cites Brown v. State, 102 Texas Crim. Rep. 54, 276 S. W. Rep. 908; and Asher v. State, 102 Texas Crim. Rep. 162, 277 S. W. Rep. 1079. We do not discuss the Brown case further than to say that it, in common with O'Shennessey v. State, 96 S. W. Rep. 790; Sessions v. State, 98 S. W. Rep. 243; Ellington v. State, 86 S. W. Rep. 330, and Price v. State, 83 Texas Crim. Rep. 332, hold that there is a variance when the allegation in the indictment is of a sale to more than one, and the proof shows a sale to but one,—a conclusion resting on entirely different reasons, and in nowise related to the contention here made. The Asher case, supra, wherein a sale to one was charged and the accused claimed that the facts

showed a sale to two, was affirmed,—but upon certain statements in the opinion on rehearing therein which were dicta and in nowise necessary to the decision of the case,—appellant relies for his only support to be found in the decisions of this or, as far as we have been able to ascertain, any other jurisdiction. In the opinion on rehearing in the Asher case, supra, appears the following:

"The conclusion there reached was that the naming of the purchaser was descriptive of the offense, and an averment of a sale to one would not be supported by proof of a joint sale to two or more, and vice versa. To hold otherwise would necessitate overruling the cases cited in Brown v. State (supra) and again listed here for convenience. Dixon v. State, 21 Tex. Cr. App. 517, 1 S. W. 448; O'Shennessy v. State, 49 Tex. Cr. R. 600, 96 S. W. 790; Price v. State, 83 Tex. Cr. R. 332, 202 S. W. 948; Ellington v. State, 86 S. W. 330; Sessions v. State, 98 S. W. 243; Bruce v. State, 44 S. W. 852; Yakel v. State, 30 Tex. Cr. App. 391, 17 S. W. 943; Arnold v. State, 47 Tex. Cr. R. 556; Tippet v. State, 53 Tex. Cr. R. 180; Westbrook v. State, 88 Tex. Cr. R. 223, 225 S. W. 750."

With the utmost respect for the member of this court who wrote in said motion for rehearing, we must insist that this quotation presents an erroneous deduction from the opinion in the Brown case, supra, and that falling into this error of inference, led to the citation of the other authorities named in said quotation, none of which support the rule stated therein. As said above, the Brown case, with the other four named in conjunction therewith, holds that when a sale to more than one named person is alleged, this is not met by proof of a sale to but one of them; this conclusion has support in many decisions holding that descriptive averments alleged must be proved, a hundred or more of which are collated by Mr. Branch under Sec. 498 of his Annotated P. C., and with the general correctness of which the writer of this opinion is in entire accord; but, as we said in the dissenting opinion in the Brown case, supra, it was believed by the writer that the naming of more than one as purchaser in a case charging the sale of liquor, was surplusage which might be discarded.

We turn aside for a moment to show by a short analysis of each, that the other cases named in the quotation from the Asher case, supra, do not support the rule stated in said quotation. The page and volume of each case is in the quotation. The reference here will be only by name. The O'Shennessy, Price, Ellington, Ses-

sions and Brown cases merely hold that proof of a sale to one, will not meet allegations of sales to more than one, a proposition wholly different from the one before us. The Dixon case goes no further than to hold an indictment bad which does not name the purchaser of the liquor alleged to have been sold. The Bruce case merely decides the point that it is sufficient to prove a sale to the alleged purchaser, even though the proof further shows that such purchaser acted as agent for another. This case will be referred to later. The Yakel case only decides that one is guilty under an indictment alleging a sale of liquor to a minor, even though the proof be that the minor bought for his father, no written consent appearing. The Arnold and Tippet cases hold nothing save that an allegation of a sale to one who is named, is at variance with proof of a sale to a person of a different name. The Westbrook case holds that one who has been convicted for selling whisky to A, and has appealed, has the right to have a subsequent prosecution for a sale to B held in abeyance until the appealed case be decided, upon the ground that he desires to plead and prove that the sale to A and the sale to B were one and the same criminal transaction and constituted but one offense. We have to this extent discussed the cases cited in support of the dicta in the motion for rehearing in the Asher case in order that the correctness of our conclusion that the authorities therein cited do not support the proposition advanced, the fairness of which is left to the careful reader who may examine said authorities. The principle involved in a question of variance between an allegation of a sale to a number of parties, followed by proof of a sale to but one of them, can not be invoked in support of the contention made in the instant case. In this case every element of the offense is charged, and no more. Every element so charged was proved. There was a sale of intoxicating liquor to Elbert Bodine by this appellant on the occasion referred to in the indictment. Such sale to Elbert Bodine was a complete offense, and in no way added to either in degree or punishment by the amount sold or the number of purchasers. As said by the Supreme Court of Wisconsin in State v. Bielby, 21 Wis. 204: "The offense complained of works no injury upon the individual rights of the person to whom the sale was made, and none are violated." Our statute makes no distinction based on the age, sex, personality or number of the purchasers of intoxicating liquor. The gravamen of the offense is the fact of sale and not the fact of a sale to anyone of a forbidden class. If what we have said above is true

and none of the cases referred to in the quotation in Asher v. State, supra, furnish precedent or authority for the conclusion stated in the motion for rehearing referred to, we are then brought face to face with the question as to whether this is a case without precedent. We must answer no. In Ryan v. State, 32 Texas, 280, our Supreme Court, at a time when it had jurisdiction of criminal appeals, held that a charge in the indictment of a sale of liquor to one Wilson, was in nowise affected or invalidated by proof of a sale to Wilson and another. So in Parker v. State, 45 Texas Crim. Rep. 334, this court held that there was no variance between an indictment charging a sale to Miller, and proof showing a sale to Miller and others, one of which others actually received the liquor, and was present with Miller and paid part of the money, when the liquor was paid for. These cases are directly in point, and neither of them has ever been overruled as far as we can see, nor has any case been noted holding to the contrary. The Westbrook case, supra, while not directly in point, as are the Ryan and Parker cases, deals with a case where conviction was had of one who was charged with a sale to one person named, and who, as appears from the opinion, had the right to claim such conviction a successful bar to his subsequent conviction for a sale to a different person at the same time and place, his right being only dependent upon whether he could show the sale to both as being part of the same transaction, i. e., the same offense. It seems to the writer that we confuse ourselves and create confusion in practice and application of the law when we attempt to bring into a decision of a case like this the question of obligation and contract incident to a sale in the sense of the civil statutes. As said in Bruce v. State, 39 Texas Crim. Rep. 26:

"The sale is to him, although it may be for the use of some other person, and with some other person's money. Any other construction, it seems to us, would subject the law to confusion, subterfuges, and evasions. As stated before, it is not a question of contract or obligation; it is simply a question of whether or not there is a variance between the allegations in the indictment and the proof. We hold there is no variance; that the proof shows that the sale was made to Brock, the party as alleged; and it does not matter for whom he purchased. The sale was made to him; and the allegation in the indictment is proven, although he may have purchased it for some one else."

This is the same principle adhered to in Yakel v. State, 30 Texas Crim. App. 391, where the sale was to a minor who bought, but

claimed he bought for another. Why confuse the issue plainly made both in pleading and proof of a sale to the person named in a liquor case by saying that the minds of the seller and those buying in such case must meet and that unless you prove the case in accordance with the rules of civil contracts and obligations, there will be a variance.

It seems that we have here the exact point involving the reason for our well settled practice of carving. Regarding a single criminal transaction as but one offense, our decisions uniformly allow the State to carve as large an offense out of a single transaction as she can, but she must cut but once. This applies to every known character of offense, all grades of assault, including murder, all cases involving property, or the invasion of private property rights, all cases such as gaming, liquor selling, bawdy houses, etc. Certainly when a man shoots a shot gun at three and inflicts injury upon them all, and is charged merely with shooting at one, he has never been and can not be given an acquittal on the ground of variance between the transaction as it is alleged and that as shown by the proof, but he can object to subsequent convictions for assault on each party injured. So, ad infinitum,—the State carves one offense for theft, robbery, gaming, liquor selling, libel, murder, etc., and no one asserts that because the indictment does not set out the whole offense, so to speak,—the whole transaction,—the case must result in an acquittal on the ground of variance. We carve, and charge in the indictment enough to make out a complete offense. We prove what we have alleged, and a conviction results and is upheld, and there is no confusion, but instead an orderly procedure.

Our statutes regarding indictments require only that they shall state in ordinary, common language enough so that a person of common understanding may know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, so that the court in case of conviction may enter a proper judgment, and that the accused, if necessary, may be able to plead the judgment entered in bar of any other prosecution for the same offense. Arts. 398–405 C. C. P. No contention is made in this case or can be, that the indictment here does not meet every requirement of the law. No ground exists or could for attacking a judgment entered upon a conviction under this indictment. No room can be found for the claim that such indictment does not put the accused upon notice, and certainly the multitudinous authorities on carving in this State leave him no

ground for claiming the offense described in the indictment and that made by the proof, are not the same. The Westbrook case, supra, is sufficient authority for saying that one charged and convicted for selling to one person, who appeals from the judgment rendered, can. thereafter plead in bar to a subsequent prosecution for a sale to different persons involving the same transaction. We are unable to agree with the contention made by appellant, and believe the authorities and sound reason to be against his position. We believe that there is no variance between the allegation and the proof.

By two bills of exception appellant attempts to raise other questions, neither of which seem to have merit.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*

### CONCURRING OPINION.

MORROW, ·Presiding Judge.—I think that the averment in the indictment charging the sale of liquor to Albert Bodine is supported by the proof that it was sold to Albert Bodine, together with Roy Bodine and Perry Jeanes, under the circumstances set out in. the opinion. In other words, on the facts stated I think there was no variance. See Ryan v. State, 32 Texas, 280; Parker v. State, 45 Texas Crim. Rep. 334; Asher v. State, 277 S. W. 1103. If the indictment charged a sale to Albert Bodine, Roy Bodine and Perry Jeanes and the proof had shown a sale to only one of them, there would have been a variance. See Price v. State, 202 S. W. Rep. 948, 83 Texas Crim. Rep. 332; Brown v. State, 102 Texas Crim. Rep. 54.

I concur in the affirmance of the judgment.

*Concurring opinion.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In addition to the question of variance discussed in the original opinion, the appellant complains of the refusal of a requested charge reading thus:

"Before you find the defendant guilty in this case you must believe beyond a reasonable doubt that the commodity sold the prosecuting witness was intoxicating."

In the main charge the court instructed the jury that there could be no conviction unless they believed beyond a reasonable doubt that the commodity sold was whisky, and if upon that subject the jury

entertained a reasonable doubt there should be an acquittal. He also instructed the jury that if the commodity sold was a mixture of plum juice, extract and sugar, or if upon that subject they had a reasonable doubt there should be an acquittal. There was also given a general charge upon the presumption of innocence and reasonable doubt. The paragraphs of the court's charge mentioned appear to have rendered the special charge unnecessary.

The indictment charged that John McGee did unlawfully sell to Elbert Bodine spirituous liquor. The proof showed that Elbert Bodine, Roy Bodine and Perry Jeanes were together in an automobile. They met McGee and sought to purchase whisky from him. He said he had none with him but might find some when he got home. After a time they returned to his home and the purchase was made. McGee brought out a pint of whisky and handed it to Elbert Bodine, and each of the others paid proportionately for the whisky.

Counsel for the appellant, in a very forceful and earnest argument, insisted that in holding that there was no variance error was committed by the trial court and by this court. The question has been found by this court difficult of solution and has been discussed upon several occasions as is indicated in the original and concurring opinions. The writer is unable to add anything of value to what has been heretofore said, but is constrained to adhere to the conclusion reached and stated in the original opinion, namely, that as Elbert Bodine, who was named in the indictment as the purchaser, was one of those who bought, received and paid for the liquor, a fatal variance between the allegation and proof is not revealed.

The motion is overruled.

*Overruled.*

### DISSENTING OPINION ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—I regret to be out of agreement with my brethren on any question and especially one arising from a difference of opinion as to variance between allegations in an indictment and the proof—a question which could be avoided by the exercise of caution on the part of the pleader in placing in the indictment plural counts to meet the various phases of the evidence.

Article 405 C. C. P. reads:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know

what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary."

Article 406 C. C. P. follows:

"When a statute defining any offense uses special or particular terms, an indictment on it may use the general term which, in common language, embraces the special term. *To charge an unlawful sale, it is necessary to name the purchaser.*"

This court is committed to the proposition that the naming of the purchaser is descriptive of the offenses; it could not be otherwise in view of the statute quoted. If it is descriptive of the offense it ought to be proven as alleged. This court is further committed to the proposition that the allegation of a sale to more than one is not supported by proof of a sale to only one, but that in such case a variance occurs. O'Shennessy v. State, — Tex. Cr. R. —, 96 S. W. 790; Sessions v. State, — Tex. Cr. R. —, 98 S. W. 243; Ellington v. State, — Tex. Cr. R. —, 86 S. W. 330; Price v. State, 83 Tex. Cr. R. 332. The majority opinion in the present case holds that allegation of a sale to one is supported by proof of a joint sale to more than one and constitutes no variance. The mind of the present writer does not grasp the distinction. It appears to me that it is not possible for both holdings to be correct. Something is said in the original opinion about confusing the law of obligation and contract in civil cases with the question now being considered. If there is any confusion it is because the criminal law is itself dealing with a contract just as it does in denouncing the forgery of a promissory note. Where the purport clause of an indictment for forgery declares on an instrument averred to be signed by one party and the tenor clause discloses an instrument signed by more than one a variance is held apparent from the indictment itself. Stephens v. State, 36 Tex. Cr. R. 386, 37 S. W. 425; Tracy v. State, 49 Tex. Cr. R. 37, 90 S. W. 308; Crayton v. State, 45 Tex. Cr. R. 84; 73 S. W. 1046; Gibbons v. State, 36 Tex. Cr. R. 469, 37 S. W. 861. Also, where the instrument alleged to be forged is described as being signed by one party, an instrument bearing the signatures of two parties is not admissible because of the variance. Booth v. State, 36 S. W. 600. The averment of a sale of anything simply alleges a consummated contract between the parties named. On the first of the

month A makes a sale to B; on the fifteenth of the month he makes a joint sale of the same kind of an article to B and C and on the 30th of the month he makes a joint sale of the same kind of an article to B, C and D. For some reason B summons A into court complaining of the article sold to him. By no stretch of construction can it be said that A would have notice that B was complaining of the articles purchased jointly by himself and the other parties. So if the state alleges a sale by A to B it does not describe an offense consisting of a joint sale made by A to B and others, and proof of the joint sale should be excluded as a variance. We so held directly in the opinion on rehearing in Asher's case, 102 Tex. Cr. R. 162, 277 S. W. 1099. There one count in the indictment charged a sale to Savage. The court told the jury that if the evidence showed a sale made to Savage and Hedgespeth jointly the averment of the sale to Savage would be satisfied. This charge was held erroneous. The Asher case upon this point has been followed in Elliott v. State, 102 Tex. Cr. R. 186; 277 S. W. 141; Nelson v. State, 108 Tex. Cr. R. 69, 299 S. W. 245; Knauff v. State, 108 Tex. Cr. R. 590, 2 S. W. (2d) 229. If the majority opinion is to stand as the law the cases mentioned ought to be specifically overruled and not left in conflict with the present majority holding to confuse the bench and bar of the state.

Believing the cases last mentioned are correct in principle, impels me to respectfully record my dissent.