SID SMITH v. THE STATE.

No. 12811. Delivered December 11, 1929.

The opinion states the case.

*J. P. Simpson* of Jacksboro and *J. D. McComb* of Oklahoma City, Oklahoma, for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

Under instructions from the Sheriff of Jack county, who gave them ten dollars for that purpose, witnesses Hisel and Joe King went to the home of appellant and purchased a quart of liquor, giving three dollars therefor, according to their testimony. On the way out they picked up the Constable, Mr. Enlow, who showed them where appellant lived. Their testimony was corroborated in part by both the Constable and the Sheriff. Appellant introduced no testimony.

The indictment alleged the sale to Hisel and Joe King. It is claimed that the proof shows a sale to only one of these and that therefore a fatal variance is presented, which appellant raises in various ways. Taken as a whole, we regard the testimony as going no further than to present an issue as to whether or not the sale was made to the two parties named in the indictment or to only one of these. The presence of this issue seemed to have been recognized by the Court and in his charge he authorized an acquittal if the jury had a reasonable doubt as to proof of the issue of a joint sale, as alleged in the indictment. Appellant requested a charge to this same effect but we regard the Court's general charge as fully protecting the appellant upon this issue. The authorities upon the question under discussion will be found collated in the late case of McGee v. State, 17 S. W. (2nd) 50, and we need here go no further than to state that appellant is correct in his contention that the allegation of a joint sale to two persons is not supported by proof of a sale to one only. The present facts do not conclusively show this, but do make an issue which the Court properly presented by appropriate instructions.

Appellant filed an application for a continuance on account of the absence of the witness Clyde Robertson, by whom, in substance, he alleges he could prove that no sale of whiskey was made to the parties named in the indictment. This application seems to have been presented on the 13th day of March and in it appellant alleges that he was indicted on the 7th of March and employed counsel on the 11th, who made application for process to be served upon the witness Robertson. The only allegation with reference to service of this process is as follows: "* * * and that said process was issued and sent to Wichita County, for said witness, but that same has not been returned to this Court, and defendant does not know whether the same has been received and served upon said witness or not." No affidavit of this witness purporting to show what his testimony would be or where he was at the time of the trial was attached to appellant's motion for new trial, nor any excuse averred for such failure. It will further be observed that the motion for continuance fails to state to whom the subpoena when issued was delivered, how it was forwarded to Wichita County or to whom forwarded. The burden is always upon the party seeking a continuance to show himself entitled to it by definite averments. It is never sufficient to merely state that process was sued out, but an application to be sufficient should show what was done with it,

to whom and when it was delivered and when issued to another county, the manner and time of its transmission and to whom sent. See Townsend v. State, 41 Texas 135; Grant v. State, 2 Texas Crim. App. 163; Branch's P. C., P. 187, for full collation of authorities; also Vernon's C. C. P. (1925), Art. 543, note 5. We regard the showing made as entirely insufficient to show reversible error.

By Bill of Exception No. 2 it is made to appear that while the witness Joe King was upon the stand and after he had stated on cross-examination that the sheriff had sent him and his brother over there for Mr. Enlow, the Constable, to·go show them where the whiskey was, he was asked by appellant's counsel: "You mean that Mr. Enlow here knew where there was some whiskey?" To which question the witness replied: "He said that fellow (pointing to the defendant on the trial) was selling it." Objection was made to this as not responsive, as being prejudicial and hearsay. This testimony was prejudicial and was hearsay and should have been stricken, but we are not prepared to say that it was of that harmful character that would demand of us a reversal, under the particular facts of this record. Here we have a case where the testimony shows that the Sheriff was sending two witnesses to purchase liquor and sending the Constable to accompany them and show them where the appellant lived. This was all testified to without objection. The only legitimate inference that could be drawn from this testimony was that both of these officers believed the appellant was selling liquor. This being before the jury, we cannot believe the addition of the statement quoted above, which amounted to no more than the statement of an opinion already before the jury by inference, could have worked any injury to the appellant, particularly since the minimum penalty was assessed and proof of guilt was clear and undisputed.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.