## Tom Stapler v. The State.

No. 14864.   Delivered March 9, 1932.
Rehearing Denied April 6, 1932.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

The testimony in this case presents a condition of conflict, that of the state establishing the sale; that of the appellant tending to establish an alibi, which was the defensive theory. The jury are the exclusive judges of the credibility of the witnesses as well as the weight of their testimony, and unless there appears something from which an unfair exercise of the right and power confided in the jury, is shown, we decline to interfere with their conclusions.

We find in the record before us three bills of exception. The first complains of the refusal of the court to instruct the jury peremptorily to return a verdict of not guilty. If we understand the contention in this regard, it is that the testimony shows three boys each contributing money toward the purchase of a quantity of whisky, and that a verdict upon a count alleging a sale to but one of these boys will not support a conviction. This court has held against appellant's contention in the case of McGee v. State, 112 Texas Crim. Rep., 450, 17 S. W. (2d) 50.

Appellant's second bill of exception also complains of the refusal of the court to instruct the jury to return a verdict of not guilty, appellant's claim being that if he was present at the time alleged and claimed by the state witness, still he was but an agent for the purchasers in procuring for them the said whisky. We find nothing in the record to justify the court in giving such charge. The state witnesses testified that appellant told them that he would get them some whisky; that he told them he would have to have the money, which they gave him, and that he walked around the house and came back in a minute or two with a half gallon of whisky. No request was made of the court to submit the question of agency to the jury, and we regard the testimony as of little import even in raising such issue. Certainly there was no reason for the court giving the peremptory instructions requested by appellant.

The remaining bill of exception presents the proposition that the court erred in refusing to charge the jury on the law of circumstantial evidence. We find nothing in the record calling for such submission.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant insists that we did not discuss an alleged error in the overruling of his motion for new trial based on a claim of newly discovered evidence. We discussed the three bills of exception appearing in the record. There is in the record no bill of exception or statement of facts presenting evidence heard by the trial court upon the hearing of the motion for new trial. It appears that appellant attached to his motion for new trial affidavits of alleged newly discovered wit-

nesses, but the order of the trial court overruling said motion recites: "And the court having heard the said motion and the evidence thereon submitted, is of the opinion that the same should be overruled." In the absence of a bill of exception bringing forward the evidence heard by the court, or the presence in the record of some duly certified statement of facts heard by the court when the motion for new trial was brought before him, this court has uniformly held it will not consider complaint of the action of the court. Humphries v. State, 79 Texas Crim. Rep., 637, 186 S. W., 332; Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W., 532; Odom v. State, 82 Texas Crim. Rep., 580, 200 S. W., 833; Mitchell v. State, 85 Texas Crim. Rep., 25, 209 S. W., 743; Slade v. State, 85 Texas Crim. Rep., 358, 212 S. W., 661; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W., 671; Wharton v. State, 91 Texas Crim. Rep., 575, 240 S. W., 310; Jaramillo v. State, 93 Texas Crim. Rep., 121, 245 S. W., 926; Rabon v. State, 94 Texas Crim. Rep., 393, 251 S. W., 806; Hughey v. State, 98 Texas Crim. Rep., 413, 265 S. W., 1047; Jasper v. State, 98 Texas Crim. Rep., 521, 266 S. W., 508; Crouchette v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99.

The only other issue submitted in the motion is that we erred in holding there was no variance between the allegation in the indictment and the proof. Upon the authorities cited in our original opinion we were clearly right in declining to sustain this proposition.

The motion for rehearing will be overruled.

*Overruled.*