## Oscar Petty v. The State.

No. 15224.  Delivered June 8, 1932.
Rehearing Denied October 19, 1932.
*Reported in 53 S. W. (2d) 300.*

The opinion states the case.

*Ratliff & Stewart,* of Lubbock, and *J. Lee Cearley,* of Cisco, for appellant.

*T. L. Price,* District Attorney, of Post, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment that appellant sold spirituous and malt liquor capable of producing intoxication to W. P. White, Jr. The alleged purchaser testified that he and Elmer Gant went to appellant's home on March 14, 1931, and talked to him about buying some whisky; that appellant told them, in effect, that he would let them have the whisky if they could find it; that they left, but in a short while returned and met appellant about a half mile from his house; that appellant delivered two pints of whisky to them, for which they paid him $3, he handing the money to appellant. Appellant denied that he sold the parties whisky and testified that he was not at the place at the time the whisky was delivered. He admitted that the boys came to his house and asked him to sell them some liquor. He said, however, that he told them that he did not have any liquor and they left. He declared that he did not go down to the place described by the witnesses to deliver whisky to them. A witness for appellant testified that he was present and saw Troy Carroll sell the whisky to White and his companion.

As heretofore stated, it was alleged in the indictment that the sale of the whisky in question was made to W. P. White, Jr. Appellant contends that the proof showed a sale to White and Gant. It is his position that this constitutes a fatal variance. In the case of McGee v. State, 112 Texas Crim. Rep., 450, 17 S. W. (2d) 50, a contention similar to that here made was overruled. See, also, Mireles v. State, 112 Texas Crim. Rep., 67, 13 S. W. (2d) 868. In a concurring opinion in McGee's case, Presiding Judge Morrow used language as follows: "I think that the averment in the indictment charging the sale of liquor to Elbert Bodine is supported by the proof that it was sold to Elbert Bodine, together with Roy Bodine and Perry Jeanes, under the circumstances set out in the opinion. In other words, on the facts stated, I think there was no variance. * * * If the indictment charged a sale to Elbert Bodine, Roy Bodine and Perry Jeanes, and the proof had shown a sale to only one of them, there would have been a variance."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The contention of appellant in his motion for rehearing is that we erred in following the case of McGee v. State, 112 Texas Crim. Rep., 450, 17 S. W. (2d) 50, in which case the exact point here raised was by a majority opinion decided adversely to appellant. That case has been followed in Stapler v. State, 120 Texas Crim. Rep., 263, 47 S. W. (2d) 837. The views of the present writer as set out in a dissenting opinion in McGee's case remain unchanged; likewise the views of the majority of the court remain the same as expressed in that case and in Stapler's case.

Under those circumstances, the motion for rehearing will be overruled.

*Overruled.*