H. A. COLLEY V. THE STATE.

No. 21150. Delivered June 28, 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

*Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for receiving and concealing stolen property, punishment assessed being four years in the penitentiary.

The indictment alleged that appellant received the property from Moses Manning. It is appellant's contention that a variance arises between said allegation and the proof. By their own testimony Moses Manning and Aaron Manning were joint thieves of the property, and jointly delivered it to appellant. Aaron was carrying the property at the time and took from appellant the money which they received for it, but testified: "Both of us delivered the stuff to Mr. Colley." It being a joint delivery by two persons one of whom was the party named in the indictment, no variance arises under the authority of Metaxes v. State, 127 Tex. Cr. R. 313, 75 S. W. (2d) 888. A similar question arose in McGee v. State, 112 Tex. Cr. R. 450, 17 S. W. (2d) 50, where a sale of liquor was alleged to have been made to one certain named party, and the proof showed it to have been a joint sale to the one named and others. The majority opinion held no variance occurred. The present writer dissented, but the majority opinion was followed in Stapler v. State, 120 Tex. Cr. R. 263, 47 S. W. (2d) 837; Petty v. State, 121 Tex. Cr. R. 218, 53 S. W. (2d) 300. Under the circumstances we see no reason to depart from the direct holding in the Metaxes case (supra).

The gist of the offense charged against appellant was that he fraudulently received from Moses Manning certain described property and fraudulently concealed it knowing it to have been stolen.

Art. 718 C. C. P. prohibits a conviction "upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed * * *."

It has long been established that where the State uses the thief as a witness against one charged with receiving stolen

property from such witness, that the thief (an accomplice witness) must be corroborated both as to the theft of the property and the receiving of it by accused with knowledge of the theft. Branch's Ann. Tex. P. C., p. 1367, Sec. 2535; Johnson v. State, 42 Tex. Cr. R. 441, 60 S. W. 667; Hanks v. State, 55 Tex. Cr. R. 405, 117 S. W. 149; 36 Tex. Jur. p. 372, Sec. 43, and cases cited in the notes thereunder. The two Manning witnesses were boys, one 16 years of age, the other 12. They had plead guilty to the theft of the property in question and had been sent to the reformatory. Each of them testified upon appellant's trial that before they stole the property they had told appellant they could get the property and that he advised them to steal it and he would buy it from them; that they did steal it, and sold it to appellant for fifty cents or one dollar. The property was shown to be worth more than fifty dollars. The court properly instructed the jury that the two Manning boys were accomplice witnesses, that they must be corroborated, and that they could not corroborate each other. No testimony is found in the record corroborating their testimony that appellant received the property from them, or that it was received under such circumstances and at so inadequate a price as to charge appellant with knowledge that it was stolen.

An officer testified that appellant told him where he (appellant) had sold the property in Dallas, and went with the officer to Dallas and the property was recovered at the place designated by appellant. The officer further testified that appellant told him from whom appellant got the property, but upon objection being interposed that appellant was under arrest the court declined to admit appellant's statement as to the person from whom he received the property. The record discloses no further reason for excluding said statement. It appears that the trial court committed an error against the State. If the statement excluded was made in connection with his other information to the officer about where the property might be found, and the information was true and the property found as a result thereof such statement as to where he obtained the property would be admissible.

Article 727 C. C. P. forbids the use of a confession made while accused is under arrest, save under certain formalities, and with some exceptions, one being that: "* * * unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense

was committed. \* \* \*'' See McClure v. State, 100 Tex. Cr. R. 545, 272 S. W. 157; Branch's Ann. Tex. P. C., p. 36, Sec. 63. The excluded statement might furnish the necessary corroboration.

If the evidence of the two accomplice witnesses be true that appellant advised them—mere boys—to steal property to be purchased by him for a mere pittance of its value, he would appear to be the worse offender, but by forbiddance of Art. 718 C. C. P. we are bound not to permit a conviction to stand unless the corroboration of the accomplice witnesses measures up to the requirements of the law.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

At a former day of the preceding term of this court, we reversed the judgment of conviction and remanded the case because the testimony of the accomplice witnesses upon whom the State relied for a conviction was not sufficiently corroborated. The State, by and through its District Attorney, has filed an able motion for a rehearing in which he takes issue with the court upon the question of the want of any evidence corroborating the testimony of the accomplice upon material matters establishing the offense charged. We have again reviewed the record in the light of the State's motion and see no reason for receding from the conclusion expressed in our original opinion. Where is there any corroboration of the testimony of the two negro boys who committed the theft that appellant received the property from them? The officer who recovered the property undertook to testify as to what appellant told him which led to the recovery thereof, but the court, upon objection of the appellant, would not permit him to do so. As a result of such ruling the State was deprived of that testimony. We said in the original opinion and reiterate it here that the court was wrong in its ruling. See Kyle v. State, 217 S. W. 943; Hughes v. State, 218 S. W. 1048; Elliott v. State, 203 S. W. 766; Torrence v. State, 212 S. W. 957.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.