Larry POAGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 47373.

Court of Criminal Appeals of Texas.

April 3, 1974.

Rehearing Denied April 24, 1974.

Hance & Sanders, Lubbock, J. Patrick Hazel of Gibbins & Spivey, Austin, for appellant.

Tom Hamilton, Dist. Atty., Plainview, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction in a jury trial of the sale of a narcotic drug, to-wit, marihuana. Punishment is five years.

Appellant initially contends that the evidence is insufficient as a matter of law to prove that he sold marihuana to Barry Sanders as alleged in the indictment. His second ground of error is that a fatal variance exists between the indictment, charging a sale to Barry Sanders, and the evidence, which, he says, showed at best a sale to one Chuck Jones.

Barry Sanders, a witness for the State, testified that in November, 1970, he was working as an undercover agent for the sheriff's department of Hale County. On November 11, 1970, Butch Hackler told him that he was going to call appellant to bring some marihuana, and that it would be at the Arrowhead Drive Inn in Plainview at 4:00 o'clock that afternoon, and asked him if he wanted some. Hackler testified that he phoned appellant, who was in Lubbock, who told him he (appellant) was coming to Plainview that afternoon with some marihuana. Sanders, Hackler, Chuck Jones, Tim Settle, and Johnny Harrison were at the Arrowhead when appellant arrived in a light colored Volkswagen. The men went to the car, and Butch Jones and Settle got in the back seat while Sanders stood outside. Appellant told them he had the "grass,"[1] and that he would go out in the country and bury it, and give them a map showing where it was buried on his return. Sanders testified he then gave appellant ten dollars, but on cross-examination he wasn't sure whether he handed the money directly to appellant or gave it to Jones to give to appellant. Jones testified that Sanders gave him $10.00, Settle $20.00, and he put up $10.00, and that he handed this $40.00 to appellant, and appellant gave him the map. Both Sanders and Jones testified that, after getting the map, they went to the location indicated thereon and found a sack with four baggies of what was proved to be marihuana. Sanders took one of the baggies, and later delivered it to the sheriff of Hale County. The other two men took the remaining baggies.

Regardless of whether Sanders gave his part of the purchase price directly to appellant, or whether while standing outside of the car he handed it to Jones who was sitting in appellant's car with appellant, and Jones handed it to appellant along with the other money, the evidence is sufficient to show a sale by appellant of a portion of the marihuana to Sanders. The jury could justifiably very well find that appellant knew, from the actions of the men in his presence, that each was buying a part of the marihuana. There was no variance between the allegation that the marihuana was sold to Sanders and the evidence showing a sale to Sanders, Jones and Settle. Garcia v. State, Tex.Cr.App., 473 S.W.2d 488; Petty v. State, 121 Tex.Cr.R. 218, 53 S.W.2d 300; McGee v. State, 112 Tex.Cr.R. 450, 17 S.W.2d 50.

Appellant's first and second grounds of error are overruled.

---

1. It was established by evidence that the term "grass" meant marihuana.

Appellant next contends that the court erred in failing to instruct the jury, as requested, that "If you find from the evidence that some one other than Barry Sanders purchased a drug from Defendant, and not Barry Sanders himself, then you will acquit the Defendant."

The court's charge instructed the jury that unless it found beyond a reasonable doubt that appellant sold marihuana to Barry Sanders, it should acquit him.

Appellant testified that he was not in Plainview on the day in question, and denied making the sale. Hence, the defensive issue that the sale, if made, was not to Sanders was not raised by the evidence. Randolph v. State, Tex.Cr.App., 493 S.W. 2d 869; Canales v. State, Tex.Cr.App., 496 S.W.2d 614.

The charge as given amply protected appellant's rights. *Randolph,* supra.

In his fourth ground, appellant contends that the court reversibly erred in allowing, over his objection, evidence of extraneous offenses committed by appellant.

After the State had rested, appellant took the witness stand. He testified that he had not been in Plainview on the afternoon of November 11, 1970, and that he had not sold any marihuana to Barry Sanders and Johnny Harrison on that date. He denied having had any telephone conversation with Butch Hackler that day concerning bringing marihuana from Lubbock to Plainview. Appellant testified that on the afternoon of November 11, 1970, he had gone to his brother's house in Lubbock to borrow ten dollars to go to a musical, and had stayed there two or three hours. His brother corroborated this testimony about loaning appellant ten dollars to go to a musical.

On rebuttal, the State was permitted, over appellant's objection, to introduce testimony by Barry Sanders that prior to the date of the offense in question he had gone to Lubbock with Tim Settle and they had bought some "speed" from appellant. The State also recalled Chuck Jones, who, over objection, testified that prior to November 11, 1970, he had purchased marihuana from appellant in Lubbock three or four times.

Appellant, by his testimony and that of his brother, raised the issue of alibi and identity. Although the State offered a number of witnesses who identified appellant as having been in Plainview on the occasion in question, and as having sold the marihuana, the evidence disclosed that several of these witnesses had been convicted of narcotic offenses, and appellant strongly attacked their credibility.

Appellant was shown to be the perpetrator of each offense. Tim Settle, one of the purchasers from appellant in the Plainview sale, went with Sanders to Lubbock and participated in the sale there which was testified about by Sanders. On the occasion of which Chuck Jones testified, he said that he had appellant's Lubbock telephone number, and would phone him each time before going to Lubbock to find out if he had marihuana. This was similar to the evidence showing that on November 11, 1970, it was Jones who gave appellant's telephone number to Butch Hackler, so that the latter could call and find out whether appellant had marihuana for sale. The price charged by appellant in the Lubbock sales was the same as he charged in the sale in Plainview. The extraneous offense involved sales of marihuana and other illegal drugs from the same parties. These are common characteristics which bear on the admissibility of the evidence of the extraneous offenses. Ransom v. State, Tex.Cr.App., 503 S.W.2d 810, (1974); Cobb v. State, Tex.Cr.App., 503 S.W.2d 249, (1973); Grayson v. State, Tex.Cr.App., 481 S.W.2d 859.

The trial court did not err in admitting the evidence.

The judgment is affirmed.

Opinion approved by the Court.