### W. S. RYAN v. THE STATE.

1—In cases of misdemeanor, no formal sentence of the court is necessary to be rendered upon a verdict of "guilty." The verdict itself is the judgment of conviction.

2—It is not necessary that special acts of a public nature shall be specially pleaded.

3—Private acts, or such as confer immunities or privileges on individuals, must be specially pleaded.

4—An act of the Legislature prohibiting and punishing the selling of spirituous liquors within a given distance of a designated town is a public act, of which courts must take judicial cognizance.

5—The indictment charged the defendant with having sold whisky to one W. The evidence showed that the liquor was bought by W. and one C. in partnership. *Held*, that the evidence sustained the charge, and the conviction was correct.

APPEAL from Johnson. Tried below before the Hon. A. B. Norton.

The jury found a verdict of guilty against the appellant, and assessed his fine at fifty dollars. No other judgment appears in the record.

*A. Bradshaw*, for the appellant.

*E. B. Turner*, Attorney General, for the State.

LINDSAY, J.—In cases of misdemeanor, no formal sentence of the court is required upon the finding of the party "guilty" by the verdict of the jury. The verdict of the jury itself is the judgment of conviction.

This was an indictment for selling spirituous liquor within five miles of the town of Alvarado, in Johnson county, contrary to the form of the statute in that case made and provided. A motion was made to quash the indictment, because this was a special statute. The motion was overruled, and this ruling is relied upon as error by the defendant's counsel. The learned

attorney has mistaken the law in supposing that special acts of legislation must be specially pleaded to be available. Special acts, like the present, the court is bound to take judicial notice of. *Private* acts are required to be specially pleaded, such as confer immunities and privileges upon individuals. This act, though special, is a public one, of which the court is bound to take judicial notice.

In relation to the quantity of liquor : it was the purpose of the Legislature to interdict the sale of spirituous liquors in *any* quantity within the prescribed limits ; and the only object of charging any specific quantity in the indictment was to determine the amount of the penalty, which was to be denounced against this special offense by the general laws against vending ardent and intoxicating liquors. This has been done, in this indictment, by charging that the defendant sold a "pint of whisky" to one James Wilson, which charge is by no means affected or invalidated by the proof that the said Wilson had a partner in the purchase.

The judgment of conviction is affirmed.

Affirmed.