R. JOHNSON v. THE STATE.

No. 13351. Delivered May 21, 1930.
Rehearing denied June 18, 1930.
Reported in 29 S. W. (2d) 404.

The opinion states the case.

*L. D. Ratliff, Dennis P. Ratliff,* and *L. D. Ratliff, Jr.,* all of Haskell, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

The second count of the indictment submitted by the Court to the jury in his charge alleged a joint sale to J. W. Wiley and L. C. Cole. A conviction was authorized in the charge if the jury believed beyond a reasonable doubt that a sale was made to "J. W. Wylie and L. C. Cole, or either of them." Proper exception was made to this and it is here urged that since a joint sale was alleged proof of a sale to one of such purchasers would have constituted a fatal variance, and that a charge which authorized a conviction upon proof of a sale to one purchaser under an allegation in the indictment of a sale to two was erroneous. This contention is correct. Price v. State, 83 Tex. Crim. Rep. 322; Brown v. State, 102 Tex. Crim. Rep. 54; McGee v. State, 17 S. W. (2nd) 53; Asher v. State, 102 Tex. Crim. Rep. 162. The rule is otherwise if the proof shows a sale to more than the number of purchasers alleged in the indictment. Ryan v. State, 32 Tex. 280; Parker v. State, 45 Tex. Crim. Rep. 334; Asher v. State and McGee v. State, supra. The charge was error and the only question remaining to be determined is whether or not under Art. 666, C. C. P., the error was harmless. This is nearly always difficult to demonstrate, and is made more so in this case by the condition we find the facts in, as reflected by the record. We have finally concluded that the question presented here is ruled by the opinion in the Asher case, supra, which seems to hold under a state of facts regarded as similar to those of the instant case that such an error is harmless. The testimony of J. W. Wiley, as interpreted by us, is in substance and effect that he was approached by Cole and Miller, claiming to be oil men, who told him they had been drunk the night before and needed some whiskey to sober up on; that the three went to appellant and there purchased the whiskey in question, the money being furnished by Cole. We do not think a fair construction of the testimony would justify the inference that any sale was made to a less number than alleged in the

indictment, though it might perhaps support the conclusion that the sale was to a larger number than so alleged. In other words to be harmful there must be evidence supporting the inference that a sale was made to one of the purchasers named in view of the quoted language of the charge, "either of them." See also Price v. State, 83 Tex. Crim. Rep. 322. There being no such evidence in our opinion, the error above could not have prejudiced appellant.

The other question raised has no merit in our opinion and does not seem to be of sufficient importance to justify consumption of space in its discussion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State's evidence seems conclusive that the appellant sold a bottle of whisky to Wylie and Cole. They were together and were both interested in the purchase. The money was delivered by one of them and the whisky was delivered to the other. We fail to find aught in the record which would characterize Miller as one of the purchasers. However, if the contrary be true, the averment in the indictment would be met by proof that the sale was made to Wylie and Cole. That is what the indictment charged and that is what the proof shows. The opinion is therefore expressed that the correct conclusion was reached on the original hearing.

The motion for rehearing is overruled.

*Overruled.*